ANDREW HUBBARD *vs.* CALEB S. CHAPIN.

If a note given to A. for the benefit of B., upon an illegal consideration, is indorsed before
· maturity to one who, without knowledge of the nature of the consideration, advances a
portion thereof to A. and promises to pay the residue to B. from time to time, and, before
paying the residue to B., learns the nature of the consideration, the indorsee is entitled
to recover in an action upon the note only the amount of the advancements made by him
before he ascertained that the consideration of the note was illegal.

If a note is taken by A. in his own name, for the benefit of B., and A. dies, the defendant
is not a competent witness in an action upon the note by an indorsee.

CONTRACT on a promissory note given by the defendant, pay-
able to the order of D. W. Stone in two years from date, and
indorsed by him to the plaintiff before maturity.

At the trial in the superior court, before *Morton*, J., there was
evidence tending to show that the note was given in compro-
mise of a criminal prosecution instituted against the defendant
by one Mallory, and that the same was taken in Stone's name
as a mere cover, and for Mallory's benefit; and that, when the
note was indorsed to the plaintiff, he advanced only a small sum
thereon, and was told by Stone to pay the residue to Mallory
from time to time as he should want the same, which the plain-
tiff agreed to do; and that the plaintiff accordingly did, from
time to time, before the maturity of the note, advance the res-
idue thereof to Mallory.    But the defendant contended that the
evidence showed that the plaintiff ascertained the nature of the
consideration of the note after it had passed into his hands and
before all the payments to Mallory were made, and asked the

court to instruct the jury that, in such case, he could only recover in this action to the extent of the amounts paid by him previous to his knowledge; but the judge ruled to the contrary.

Stone died before the commencement of the action. The defendant offered himself as a witness, contending that he was competent if Stone took the note as an agent of Mallory, who was still living; but the judge excluded him.

The jury returned a verdict for the plaintiff for the full amount of the note, and the defendant alleged exceptions.

*G. M. Stearns,* for the defendant.

*J. Wells,* for the plaintiff.

DEWEY, J. As the note was indorsed to the plaintiff before its maturity, the defence urged against it could not be maintained, if it passed into the hands of the plaintiff as a *bona fide* purchaser for a valuable consideration, and without any knowledge as to its origin. But it was competent for the defendant to show that the same was obtained from him fraudulently, or given upon an illegal consideration, and, this being established, the plaintiff could only recover by showing that he was a *bona fide* holder for a valuable consideration. *Tucker* v. *Morrill,* 1 Allen, 528.

The case attempted to be proved by the defendant was, that the note was transferred to the plaintiff upon his advancing to the payee a small part of the amount of the same, and that, as to the residue, he held the note under an agreement to make advancements from time to time to one Mallory, to whom the payee proposed to give the benefit of the note, and who, as the defendant contends, was connected with the fraud in obtaining it. It was not shown that the plaintiff, when he made the first advance on the note, had any knowledge of the fraud now charged in reference to this note. To the extent to which he thus advanced money, he was properly entitled to enforce the payment of this note, although it might have been wholly avoided had it remained in the hands of the original payee.

The further inquiry is, whether the note may be avoided except as to the amount advanced by the plaintiff before he was

28 *

informed of its illegal character, and the alleged fraud by which it was obtained. That a recovery may be had for a part of the amount of a promissory note, where as to a part the consideration has failed, or there was originally a want of consideration, is now very well settled. *Parish* v. *Stone*, 14 Pick. 198. That in the case of a note fraudulently put in circulation, but which was passed to an innocent holder as collateral security for a sum less than the whole amount of the note, a recovery may be had, limited however to the amount for which it was taken as collateral, was held in *Stoddard* v. *Kimball*, 4 Cush. 604. That in the case of an illegal consideration the same rule applies, limiting the recovery to the extent of the consideration paid, or the amount for which the note was taken as collateral security, seems to be equally sustained by the cases of *Williams* v. *Cheney*, 3 Gray, 215; *Roche* v. *Ladd*, 1 Allen, 436; *Drinkhouse* v. *Surette*, lb. 443, *n.*

The principle contended for by the plaintiff is, that where an illegal consideration of a promissory note is shown, there can be no partial recovery, and that such note must be valid for the whole, or no part thereof. He would therefore maintain the doctrine, that if the court find that he is entitled to recover at all, he is entitled to recover the entire amount of the note. But the only reason why the plaintiff recovers any part of the note is, that, as to such part, the defence of illegality in the consideration is not open. The plaintiff is allowed to recover to the amount for which he is a *bona fide* holder, and for the reason that he is a *bona fide* holder he is allowed to defeat the operation of a general rule, that an illegal consideration vitiates the entire note. As to all of the note that is open to such defence, it is all vitiated, and no recovery can be had thereon. While we recognize the general principle, that an illegal consideration defeats a recovery on the entire note, if such defence is open to the party, yet where such is not the case, we give all the effect to it that can be done consistently with the right of a holder having in good faith made partial advances thereon.

The bill of exceptions finds that there was evidence which, as the defendant alleges, tended to show that the plaintiff had

only paid a partial consideration for the note at the time he received the same, and that subsequently payments therefor were made with full knowledge of its fraudulent character; and thereupon the defendant asked the court to instruct the jury that if the plaintiff, after the first payment was made by him, learned the illegal nature of the consideration of the note, he could recover only to the extent of the sum advanced by him on the note previously to such knowledge. This instruction, in the opinion of the court, should have been given.

The decease of Stone, who was the original party to this promissory note, excludes the defendant from being a competent witness to testify as to the consideration of the note.

*Exceptions sustained.*