# GEORGE KRONENBERGER
## v.
## CHARLES C. FRICKE.

*Agency—Action to Recover Commissions on Sale of Real Property—Instructions.*

1.   An agent employed to purchase property can not become the agent of the vendor.

2.   A person who attempts to act as the agent of both parties to a transaction, without disclosing such fact to his principals, is precluded from recovering compensation for his services.

3.   In an action against the vendor of certain real property to recover commissions upon the sale thereof, in which the evidence tended to show

that the plaintiff, when he undertook to act for the defendant in making the sale, was in fact the agent of the vendee, and that the fact of such agency was not disclosed, it is *held:* That the court improperly refused an instruction submitting the question raised by such evidence to the jury; and that an instruction given, which ignored said question, was erroneous.

[Opinion filed June 8, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon John G. Rogers, Judge, presiding.

Messrs. BARNUM, RUBENS & AMES, for appellant.

The law will not permit the agent of a purchaser to become the agent and recover commissions of the seller. Cottom v. Holliday, 59 Ill. 176; Short v. Millard, 68 Ill. 292; Story on Agency, Secs. 31, 210, 211; Smith v. Townsend, 109 Mass. 500; Walker v. Osgood, 98 Mass. 348; Farnsworth v. Hemmer, 1 Allen, 494; Schwartze v. Yearly, 31 Md. 278; Morison v. Thomson, 9 Law Rep. 480; Gardner v. Ogden, 22 N. Y. 347; Bollman v. Loomis, 41 Conn. 581; Lloyd v. Colston, 5 Bush (Ky.), 587.

Messrs. RUNYAN & RUNYAN, for appellee.

BAILEY, J. This was a suit commenced by Charles C. Fricke against George Kronenberger, before a Justice of the Peace, and afterward taken by appeal to the Circuit Court. The plaintiff's demand is for commissions upon a sale of certain real property by the defendant to one Howe, the plaintiff, claiming that, at the instance and on the employment of the defendant, he furnished the defendant said purchaser. The trial before the Circuit Court and a jury resulted in a judgment in favor of the plaintiff for $190 and costs, and the defendant brings the record to this court by appeal.

The defense set up is, that the plaintiff, while undertaking to act for the defendant in the sale of said property, was in fact the agent of Howe, the purchaser. The evidence tends to show that for several months prior to said sale, Howe, being desirous of purchasing real property of a certain

description, requested the plaintiff to find such property for him, and that the plaintiff in pursuance of such request, found several pieces of property which did not prove satisfactory to Howe; that on one occasion, while calling Howe's attention to a certain one of said pieces of property, Howe told the plaintiff that the defendant's property was for sale, whereupon the plaintiff said he would go and see about it; that he at once went and found the defendant, and without informing him of his relations to Howe, obtained from him a request to find a purchaser; that the plaintiff immediately returned to Howe and informed him that the defendant's place was for sale and was a desirable piece of property, and advised him to go and buy it. Some days afterward Howe called on the defendant and purchased said property. The court, at the instance of the plaintiff, gave to the jury the following instruction :

" The court instructs the jury that if they believe from the evidence that Kronenberger had requested Fricke to sell his property, and that the plaintiff furnished a purchaser for the property of the defendant, and the defendant sold the property to the person so furnished, then the plaintiff is entitled to recover in this case."

The defendant asked the court to give to the jury the following instruction, which was refused:

" The jury are instructed that if they believe, from the evidence, that Fricke was employed by the defendant, Kronenberger, to negotiate a sale of certain real estate owned by Kronenberger, and that at the time of such employment Fricke was the agent of one Howe, to procure saloon property for said Howe, and that Fricke did not disclose to Kronenberger that he was the agent of Howe, and Kronenberger did not know that fact, and that Howe and Kronenberger were brought together through the intervention of Fricke, and that Kronenberger carried on all negotiations with Howe himself, not knowing that Fricke was Howe's agent, and afterward sold his said real estate to said Howe, then the jury are instructed that Fricke can not recover commissions from the defendant Kronenberger, and your verdict should be for the defendant."

It is a well established rule of the law of agency, that an agent must not put himself, during the continuance of his agency, in a position which is adverse to that of his principal, for the principal bargains for the exercise of all the skill, ability and industry of the agent, and he is entitled to demand the exercise of all this in his own favor. For this reason, an agent employed to purchase property, can not himself become the vendor, nor can an agent employed to sell become the purchaser, as it would hold out a temptation to violate his duty if he were permitted to do so. For a like reason, an agent of the seller can not become the agent of the purchaser in the same transaction.

As a consequence of this rule it is held that a person who attempts to act as the agent of both parties to a transaction, without disclosing such fact to his principals, is precluded from recovering compensation for his services. Thus, in Carman v. Beach, 63 N. Y. 97, a broker who was already the agent of the vendee, was employed by the vendor to negotiate the sale of certain real property. In an action by the broker for his commissions, a judgment for the defendant was sustained on the theory that the facts established a renunciation by the plaintiff of his agency for the vendor prior to the sale, but the court in the opinion says: "The defendant was entitled to the disinterested efforts and judgment of the plaintiff in the matter of the agency, and if the plaintiff had procured a purchaser, for whom he was also acting as agent, without disclosing the fact to the defendant, it would have constituted such a fraud as would have precluded him from recovering any compensation."

In Farnsworth v. Hemmer, 1 Allen, 494, it was held that a broker who has acted for both parties in negotiating an exchange of real estate between them, without informing either that he was employed by the other, is not legally entitled to commissions for his services. The court say: "It is of the essence of his contract that he will use his best skill and judgment to promote the interests of his employer. This he can not do where he acts for two persons whose interests are essentially adverse. He is therefore guilty of a breach of his

contract. Nor is this all. He commits a fraud on his principals in undertaking, without their assent or knowledge, to act as their mutual agent, because he conceals from them an essential fact, entirely within his knowledge, which he was bound, in the exercise of good faith, to disclose to them." See also, Scribner v. Collar, 40 Mich. 375; Raisin v. Clark, 41 Md. 158; Rice v. Wood, 113 Mass. 133; Bollman v. Loomis, 41 Conn. 581; Lloyd v. Colston, 5 Bush, 587.

The evidence tended to show that the plaintiff in this case, at the time he accepted the employment of agent for the defendant, was acting as agent of the other contracting party in respect to the same subject-matter, and that the fact of such agency was not disclosed to the defendant. The defendant, then, was entitled to have the questions raised by such evidence properly submitted to the jury by the instructions. But the instruction given to the jury at the instance of the plaintiff wholly ignored said questions, and told the jury that if the plaintiff had been requested by the defendant to sell his property, and furnished a purchaser therefor, he was entitled to his commissions, wholly irrespective of whether he was at the same time secretly acting as the agent of such purchaser in respect to the same matter. In this respect the instruction was manifestly erroneous.

The defendant, by the instruction which the court refused to give, sought to have the jury instructed as to the proposition of law above discussed, and as we see no material objection to the form or matter of the instruction, we are of the opinion that it should have been given, and that it was error to refuse to give it. For the foregoing errors the judgment will be reversed and the cause remanded.

*Judgment reversed.*