## THOMAS B. BOYD

v.

## JOHN DULLAGHAN.

*Agency—Real Property—Exchange of, for Personalty—Recovery of Commission—Evidence.*

One who attempts to act as the agent of both parties to a transaction without disclosing that fact to his principals, is precluded from recovering compensation for his services.

[Opinion filed June 14, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. CUNNINGHAM & KEILY, for appellant.

Mr. M. P. BRADY, for appellee.

MORAN, J. Appellant brought this action to recover commissions for services as a real estate broker, rendered to appellee in and about the exchange of certain hotel and opera house property which was owned by appellee and situated at Portage, Wisconsin.

Appellee placed the property in the hands of appellant to be sold or exchanged, in the latter part of 1885, and appellant proceeded to advertise the property. In January, 1886, one O'Brien, who was in business at Chicago, placed in appellant's hands a stock of goods to be sold. Appellee arranged to pay appellant five per cent. commission if he sold or exchanged his property, and O'Brien agreed to pay a like commission for a sale of his stock of goods. Shortly after O'Brien placed his stock with appellant to sell, appellant invited appellee to come to Chicago, and when he came in response to the request, took him to O'Brien's store and introduced him to O'Brien and set them in negotiation for the

Boyd v. Dullaghan.

exchange of their respective properties. O'Brien accompanied appellee to Portage to examine the property, and a contract was finally made between them for an exchange which, however, O'Brien refused to carry out, and the negotiations between them ceased.

In January, 1887, without the knowledge of appellant, O'Brien and appellee came together again and made a different contract, by which appellee exchanged his said property and some other for the stock of goods in O'Brien's store. The case was disposed of in the Circuit Court by the court striking out appellant's evidence, and instructing the jury to find for appellee. The action of the court must be sustained. There is no evidence that appellee had any knowledge that appellant was acting as the agent of O'Brien until after the transaction between O'Brien and appellee had been fully closed. One who attempts to act as the agent of both parties to a transaction without disclosing that fact to his principals, is precluded from recovering compensation for his services.

In Mecham on Agency, Sec. 972, it is said: "To be secretly in service of the opposing party, while ostensibly acting for his principal only, is a fraud upon the latter, and a breach of public morals which the law will not tolerate. If, therefore, each of the parties to a transaction was entirely ignorant of the broker's relations to the other, such double service on the part of the broker will defeat his right to recover commissions from either of them. If one of the parties only was ignorant he will certainly be absolved from the duty to pay commission."

The cases cited by the author, some of which are referred to in the brief of appellee's counsel, fully support the doctrine of the text. See also Kronenberger v. Fricke, 22 Ill. App. 550, where the rule was applied by this court.

As one good ground is sufficient for the affirmance to rest on, it is unnecessary to discuss other questions argued by counsel in the briefs.

*Judgment affirmed.*