## BERLIN v. FARWELL.

### No. 14,467; November 28, 1892.

#### 31 Pac. 527.

**Brokers—Compensation—Acting for Both Parties.**—Where the evidence shows that plaintiff in an action to recover commissions earned under a contract to find a purchaser for defendant's land was employed by the purchaser without defendant's knowledge to buy the land from defendant at a figure which would suit the purchaser's views, a finding that he was the purchaser's agent was proper, though he had no written agreement with the purchaser for compensation, but was to get his compensation from defendant; and, being the agent of both parties without defendant's knowledge, he cannot recover.[1]

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Action by C. H. Berlin against Elizabeth Farwell. Judgment for defendant, and plaintiff appeals. Affirmed.

F. A. Berlin and D. M. Smoot for appellant; Haven & Haven for respondent.

FOOTE, C.—This action was brought against the defendant for the purpose of recovering certain commissions alleged to have been earned by the plaintiff in finding a purchaser in the person of Mr. H. D. Bacon for certain lands which Mrs. Farwell had in writing trusted to the plaintiff to sell for her at a certain price. The court below determined the matter adversely to the plaintiff's claim, and from the judgment made and given in the premises this appeal is taken upon the judgment-roll and a bill of exceptions.

The plaintiff and appellant claims that the court below was not justified by the evidence in making the seventh finding of

[1] Cited and approved in Burnham City Lumber Co. v. Rannie, 59 Fla. 196, 52 South. 621, which was an action for money had and received, to recover back money taken as commissions for selling plaintiff's land, the plaintiff claiming that the defendant had, without the plaintiff's knowledge and consent, become the agent of the purchaser in the transaction.

facts, and that the conclusions of law are not warranted by the findings. Upon the disposition of these matters the appeal is to be determined. The finding referred to reads thus: "Seventh. That prior to the twenty-second day of September, 1889, and thence to and at the time of the authorization of plaintiff by defendant to sell said land, by writing, signed by her on said twenty-second day of September, 1889, and thence to the time and at the time of the receipt by defendant from plaintiff, on the twenty-fifth day of September, 1889, of said sum of $500 as a deposit by said H. D. Bacon on account of his proposed purchase of said land from defendant, the plaintiff had been and was acting as the agent of said H. D. Bacon in the matter of the proposed purchase by the said H. D. Bacon from the defendant of said land. That in securing from the defendant the said written authorization of sale of date September 22, 1889, the plaintiff was acting at the request and as the agent of said H. D. Bacon; and in the payment to defendant, on the twenty-fifth day of September, 1889, of the sum of $500 on account of said proposed purchase, the plaintiff was acting at the request and as the agent of said H. D. Bacon." The conclusions of law run thus: "That the plaintiff is not entitled to take anything from the defendant by this action, and that the defendant is entitled to recover from the plaintiff her costs." The court below was evidently of the belief, and the facts as found and shown in evidence warrant such belief, that the plaintiff was working in the interests of Mr. Bacon, and was employed by him to do so, although the agent had no written agreement for compensation from Mr. Bacon, but was to get his compensation from Mrs. Farwell; and that the agent was acting in the interests of Mr. Bacon, the proposed purchaser, in endeavoring to get Mrs. Farwell to sell the property at a figure which would meet Mr. Bacon's views, without the knowledge of Mrs. Farwell, from whom he obtained a written agreement for compensation in case he sold the property to Bacon for her. To this extent, at least, the plaintiff was the agent of both parties; and the sole question left for determination is whether, under such state of facts as here exist, the plaintiff can hold the defendant responsible for the commissions claimed in this action. It was said in Kronenberger v. Fricke, 22 Ill. App. 550: "It is a well-established rule of the law

of agency that an agent must not put himself, during the continuance of his agency, in a position which is adverse to that of his principal, for the principal bargains for the exercise of all the skill, ability, and industry of the agent, and he is entitled to demand the exercise of all this in his own favor. . . . . For this reason an agent of the seller cannot become the agent of the purchaser in the same transaction. As a consequence of this rule it is held that a person who attempts to act as the agent of both parties to a transaction, without disclosing such fact to his principals, is precluded from recovering compensation for his services.'' To much the same effect is a similar matter treated in Carman v. Beach, 63 N. Y. 97. In Farnsworth v. Hemmer, 1 Allen (Mass.), 494, 79 Am. Dec. 756, a broker negotiating an exchange of real estate acted for both parties without informing either that he was employed by the other. It was held that he was not legally entitled to commissions for his services, the court saying: ''It is of the essence of his contract that he will use his best skill and judgment to promote the interest of his employer. This he cannot do where he acts for two persons whose interests are essentially adverse. He is therefore guilty of a breach of his contract.'' We conclude, therefore, that the conclusions of law are proper under all the findings; and, as heretofore stated, the challenged finding being supported by the evidence, it follows that the judgment appealed from should be affirmed, and we so advise.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.