## Robinson v. Sullivan et al.

1. EVIDENCE—*Lost Instruments.*—A witness having testified to the contents of a letter he claimed to have received of the plaintiff, which had been destroyed, the alleged writer testified that he never wrote such a letter. He was then asked what letter he did write. *It was held,* to have permitted him then to testify what he did write would have enabled plaintiffs to put in evidence the contents of a letter which they wrote to an outside party.

Memorandum.—Assumpsit. In the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Common counts and plea of general issue; trial by jury; verdict and judgment for plaintiffs. Error by the defendant. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed April 6, 1893.

This opinion states the case.

STIRLEN & KING, attorneys for plaintiff in error.

C. A. SURINE, attorney for defendants in error.

OPINION OF THE COURT, WATERMAN, J.

This was an action brought to recover commissions upon a sale of real estate claimed to have been made by Sullivan for the plaintiff in error.

The case was fairly tried by a jury with the result of a verdict for the defendant.

A Mrs. Clark having testified to the contents of a letter she claimed to have received from one of the plaintiffs, · which had been destroyed, the alleged writer then testified that he never wrote such a letter. It is insisted that he should then have been permitted to testify what letter he did write to her. We see no reason for this; his denial stood opposed to her affirmation. To have permitted him then to testify what he did write, would have enabled plaintiffs to put in evidence the contents of a letter which they wrote to an outside party and about which, if the testimony of one of their number was true, no evidence had been given.

It does not clearly appear that in the attempt made by plaintiffs to bring about an exchange of defendant's property for that of Mrs. Clark, the defendant knew that they were acting for her as well as him. If the defendant was ignorant of this, even had they effected the exchange, they would not have been entitled to commissions. One who attempts to act as the agent of both parties to a transaction without disclosing that fact to his principals, is precluded from recovering compensation for his services. Boyd v. Dullaghan, 33 Ill. App. 266.

The preponderance of the evidence is that plaintiffs did not effect an exchange of the property of the defendant and abandoned all attempt to do so.

The judgment of the Circuit Court is affirmed.