## J. H. Van Vlissingen et al. v. Henry Blum.

1. APPELLATE COURT PRACTICE—*Waiver of Causes Not Specified in the Motion for a New Trial.*—Causes not specified in the motion for a new trial in the court below must be held to be waived, and can not be raised in the Appellate Court.

2. REAL ESTATE AGENTS—*Not to Act for Both Parties.*—A real estate agent can not act at the same time for both seller and buyer, and the fact that he is secretly acting in the service of the buyer, while ostensibly acting for the seller, is a fraud upon the latter.

Assumpsit, for commissions.   Appeal from the Circuit Court of Cook County.   Heard in the Branch Appellate Court at the October term, 1899. Affirmed.   Opinion filed November 20, 1900.

SAMUEL J. HOWE, attorney for appellants.

HENRY T. HELM and J. WARREN PEASE, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit in which appellants seek to recover from appellee commissions for a sale of real estate which was not consummated, owing, it is alleged, to the refusal of appellee to perform his contract.

There was evidence tending to show that appellants' agent called on appellee and asked him if he would sell his coal yard; that appellee said he would do so for an agreed sum; that a few days later said agent informed appellee that the sale was made; that a contract of sale was drawn and signed by appellee; that appellants' agents thereupon received from the purchaser $1,000 as earnest money; and that appellee subsequently refused to perform his contract of sale.   The contract purchaser filed a bill to enforce specific performance, but it was eventually dismissed for want of prosecution, and it is stated that the contract purchaser demanded and received back from appellants the earnest money.   Appellants thereupon demanded of Blum that he

pay them a commission of two and a half per cent, which was refused.

It is averred in the declaration that appellants procured a purchaser for appellee's property at the agreed price; that appellee had agreed to pay the said commissions; that the purchaser was ready, able and willing to perform, but that appellee refused. It is claimed by the defense that appellants were acting as agents for both the buyer and seller, and hence are precluded from recovering compensation from either.

The principal errors alleged to have been committed, relate to the exclusion of testimony offered in behalf of appellants. But our attention is called to the fact that this was not one of the points raised upon the motion for a new trial. An examination of the record shows that while there was a written motion for a new trial, which specifies certain grounds, as the statute (Sec. 57, Chap. 110, R. S.) provides, the erroneous exclusion of evidence is not one of the grounds alleged. Appellants are therefore confined in this court "to the reasons specified in the court below, and must "be held to have waived all causes for a new trial not set forth in his written grounds." O. O. & F. V. R. R. Co. v. McMath, 91 Ill. 104 (112).

There was testimony tending to show that appellants were employed by the contract purchaser to buy a coal yard, and were acting for such purchaser in the negotiations with appellee. It has been repeatedly held that the same party "can not act as agent for both seller and buyer." (Warrick v. Smith, 137 Ill. 504 (508); Young v. Trainor, 158 Ill. 428 (430.) To be secretly acting in the service of the buyer, while ostensibly acting for the seller, is a fraud upon the latter. (Boyd v. Dullaghan, 33 Ill. App. 266.) If the jury believed that appellants were so acting, there was evidence to support such conclusion, and we can not interfere.

While the phraseology of some of the instructions complained of is open to criticism, we do not regard them as so misleading or erroneous as to justify reversal.

The judgment of the Circuit Court must be affirmed.