## CERTAIN ET AL. v. SMITH.

[No. 7,843. Filed March 27, 1913.]

1. APPEAL.—Review.—Ruling on Demurrer to Answer.—It is reversible error to sustain a demurrer to a good paragraph of answer, unless its averments may be established by proof admissible under the averments of another paragraph.   p. 167.

2. BILLS AND NOTES.—Actions.—Defenses Provable Under General Denial.—In an action on a promissory note brought by the assignee against the maker and the assignor, an agreement between the maker and the payee providing a method for the partial discharge of the obligation in a manner different from that set out in the note, and a partial discharge made in accordance therewith, could not be shown under a general denial.   p. 167.

3. BILLS AND NOTES.—Actions.—Defenses.—Discharge in Manner Different From That Provided in Note.—The payee of a note may agree with the maker for a means or method of discharging the obligation in a manner different from that set out in the note by agreement made either at the time of the execution and delivery of the note, or thereafter while it remains the property of the original payee, and such agreement, when shown to have been duly executed, presents a good defense to an action on the note while it is in the hands of the parties, or their assignees with notice.   p. 167.

4. BILLS AND NOTES.—Actions.—Answer Alleging Discharge Different From Method Provided in Note.—Sufficiency.—Notice to Purchaser.—In an action by the assignee of a promissory note, an answer by the maker alleging an agreement for discharging part of the note by paying an obligation of the payee to another party,

and the payment of such obligation by the maker pursuant to such agreement, should also aver that the assignee had notice of the arrangement before he became a purchaser thereof for value. p. 167.

5. BILLS AND NOTES.—*Actions.—Defenses Against Bona Fide Purchaser.—Discharge in Manner Not Provided in Note.—Notice to Purchaser.*—The purchaser of a promissory note without notice, but for less than its full value, who is afterwards notified of an agreement between the maker and payee by which the maker, in partial discharge of the note, was to pay, and had paid, an obligation owing by the payee to another party, holds the note as an innocent purchaser only to the extent of the consideration paid at the time of receiving such notice, and, as to the consideration unpaid, subject to the maker's defense of discharge under such agreement. p. 168.

6. TENDER.—*Pleading.—Sufficiency.*—In an action on a promissory note by one who had purchased it without notice, but had paid less than its full value, and, before paying the full value, had received notice of a credit to which the maker was entitled, allegations in the answer of a tender by the maker of the balance due after deducting the amount of such credit, which plaintiff refused to accept, were sufficient as to tender. p. 169.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by Charles L. Smith against Milton Certain and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Foley, Royse & O'Mara,* for appellants.

*Hughes & Caldwell* and *R. B. Stimson,* for appellee.

IBACH, C. J.—This was a suit on a promissory note for the amount of $400 payable in bank, executed by appellants, Certain and McCullough, to appellant, Riddles, and assigned to appellee, Smith. It is averred in the amended complaint that the note was executed on April 2, 1907, made payable sixty days after date, was endorsed in blank on May 30, 1907, by the payee, Riddles, and delivered on the same day to appellee, Smith, for value. To this amended complaint appellants filed answer in four paragraphs, the first of which was a general denial. By the fourth paragraph of answer defendants, Certain and McCullough, admitted the execution

on April 2, 1908, of the note sued on, and that afterwards the note was transferred to the plaintiff by Riddles. They say therein that after the execution of said note, Certain, the maker, and Riddles, the payee, entered into the agreement, to wit: "Said Certain agreed and promised that he would pay and satisfy a certain debt owing by said Riddles to the Peoples Brewing Company of Terre Haute, Indiana, which debt was in the sum of $150.90, and that he would assume such indebtedness and procure the release of said Riddles from said indebtedness, and in consideration whereof the said Riddles agreed and promised that said sum of $150.90 should be credited on said note and be part payment of said note. That thereafter, on the 18th day of May, 1908, defendant, Certain, did satisfy and pay to the Peoples Brewing Company the sum of $150.90 in payment of the claim of said Peoples Brewing Company against said Riddles, and did secure the release and discharge of said Riddles from said debt by said Peoples Brewing Company, all in accordance with said agreement between said Riddles and said Certain. That after said Certain had paid and satisfied said debt of said Riddles to said Peoples Brewing Company for the sum of $150.90 for the benefit of said Riddles and in accordance with said agreement between said Certain and said Riddles, and after said Certain had procured the discharge and release of said Riddles from said debt by said Peoples Brewing Company in accordance with said agreement between said Certain and said Riddles, said Riddles sold said note to the plaintiff herein and endorsed said note in blank on the back thereof." That said plaintiff agreed to pay to said Riddles for said note the sum of $400, but before the plaintiff had paid to Riddles said sum of $400, and at the time he had paid to Riddles on account of the purchase price of the note only the sum of $75, defendant, Certain, notified the plaintiff of the agreement and contract between said Riddles and said Certain concerning the payment to the Peoples Brewing

Company of the debt of Riddles and the agreement that the payment of said debt should apply upon said note toward the payment thereof, and defendant Certain notified plaintiff not to pay to Riddles the purchase price of said note, but to deduct therefrom the sum of $150.90. Defendant, Certain, at the time tendered to said plaintiff the sum of $255 which was the balance due on said note after deducting said payment of $150.90, and plaintiff refused to accept said tender. Defendant, Certain, at the time of tendering said sum of $255 to the plaintiff, also tendered and offered plaintiff a receipt from the Peoples Brewing Company for the sum of $150.90 paid by defendant, Certain, on behalf of defendant, Riddles, in accordance with the contract between them for the payment of said note. That defendant, Certain, has been at all times ready and willing to pay plaintiff the said sum of $255, and plaintiff refused to accept the same, and defendant now pays into court for the benefit of said plaintiff $255 and the receipt of the Peoples Brewing Company for the sum of $150.90, paid by defendant for the benefit of defendant, Riddles, in accordance with the agreement for the payment of said note. That defendant, Certain, tendered said money and said receipt to plaintiff before plaintiff had put said note in the hands of an attorney and before any action had been brought upon said note. That defendant, McCullough, signed said note as surety for defendant, Certain.

The averments of the second and third paragraphs of answer are similar to those of the fourth, except that it is averred in the second paragraph that the agreement between Certain and Riddles relating to the payment of Riddles' debt to the Peoples Brewing Company was made at the time of the execution of the note. To each of these affirmative paragraphs of answer appellee filed his separate demurrers, which were sustained by the court. Upon the issues of fact the court found for appellee and awarded him judgment against appellants for $525. The only error presented to

this court is the court's action in sustaining the demurrers to the second, third and fourth paragraphs of answer.

1. The law is well settled that where a demurrer is sustained to a good paragraph of answer, reversible error is committed, unless the averments contained in such paragraph may be established by proof admissible under the averments of another paragraph. *McAfee* v. *Bending* (1905), 36 Ind. App. 628, 635, 76 N. E. 412.

2. The only paragraph of answer in the record to which the trial court did not sustain a demurrer was a general denial, and it cannot be claimed that under it the affirmative matter contained in the three affirmative answers or any of them, could have been shown. So that if we find the affirmative answers, or any of them sufficient to constitute a defense to the suit, the action of the trial court in sustaining the demurrers will be held to be reversible error.

3. The law is also well settled that the payee of a promissory note may agree with the maker for a means or method of discharging the obligation in a manner different from that set out in the note and this agreement may be made at the time of the execution and delivery of the note, or thereafter, while it remains the property of the original payee, and when such an agreement made between the parties is shown to have been duly executed, it presents a good defense to an action on the note while it is in the hands of the parties, or their assignees with notice.

4. To enable the appellants to insist upon a credit on this particular note in the hands of appellee, Smith, for the amount of the payment made by appellant, Certain, in accordance with the agreement with appellant, Riddles, it must appear by proper averment that Smith had notice of the arrangement, before he became a purchaser thereof for value. These answers fail to disclose any notice to Smith of any character of any defense on the part of the makers of the note, before the date of the assignment to him.

It is insisted by appellants, however, that the answers are sufficient to show notice on the part of the assignee before he had paid the full purchase price of the note, and that he was protected as an innocent purchaser of the note against all defenses only to the extent of his payments made before notice, and that as to the residue of the consideration agreed to be paid by him, having had notice of this defense before such balance was paid, he to that extent took it subject to the same equities and defenses that appellants had if it remained in the hands of the original owner. The theory upon which appellee claims a right to recover is that he is an innocent purchaser of the note before maturity without notice of any defenses against it, while appellant by his affirmative paragraphs of answer claims that the debt to the Peoples Brewing Company was paid before the assignment to appellee, and when appellee had paid but $75 of the purchase price he was informed of such payment, and was tendered the receipt from the brewing company and the balance of the amount of the note. The controlling question then is, Did the notice which was obtained by the assignee before full payment of the purchase price change his character from that of a *bona fide* purchaser without notice to that of a purchaser with notice, who would take the note, as to the amount of the consideration remaining unpaid, subject to the defense here claimed? We have been unable to find a case and believe none can be found where this point has been determined with reference to a defense precisely like the one here presented, but we have found expressions of the courts in similar cases which seem controlling here. In *Hubbard* v. *Chapin* (1861), 2 Allen (Mass.) 328, it was held that the purchaser of a note given for an illegal consideration, who discovered the consideration after he had made some payments on the purchase price, but before he had completed payment of such purchase price, was a *bona fide* purchaser only as to the amounts paid before notice. It was held in

*Dows* v. *Kidder* (1881), 84 N. Y. 121, 125, that where the defendants paid in part the consideration for certain bills of exchange wrongfully transferred, before receiving notice of the wrongful transfer, they were *bona fide* holders only to the extent of such payment. In *Dresser* v. *Missouri, etc., R. Co.* (1876), 93 U. S. 92, 23 L. Ed. 815, it was held that the purchaser of notes obtained by fraudulent representations is a *bona fide* purchaser only to the amount advanced before knowledge of the fraud, and that upon receiving notice of the fraud his duty is to refuse further payment. In the case of *Campbell* v. *Brown* (1898), 100 Tenn. 245, one who obtained a $200 note to negotiate for the benefit of Brown the maker borrowed $55 on it as collateral, then transferred it to Campbell, who paid off the $55 note, but did not complete payment of the purchase price. He was told that the note had been wrongfully transferred before he made any further payments, and was held a *bona fide* purchaser only to the amount of $55. See, also, Joyce, Def. to Com. Paper §119. If the sum of $75 had been the full consideration for the note here involved, there could be no question but that these answers would be insufficient, and appellee would have been held a *bona fide* purchaser even though the consideration was small in comparison with the face of the note. But in view of the facts averred in the second, third and fourth paragraphs, we are inclined to hold that appellee was an innocent purchaser of the note only as to the sum of $75, and was not an innocent purchaser as to any amount above that paid by him. The allegation as to the tender made by appellant to appellee is sufficient, under the authority of *Supreme Tent, etc.,* v. *Fisher* (1910), 45 Ind. App. 419, 90 N. E. 1044.

For the reasons given above, the second, third and fourth paragraphs of answer must be held sufficient, and the action of the trial court in sustaining the separate demurrers thereto is error, for which the cause must be reversed.

Judgment reversed.

Lake Erie, etc., R. Co. *v.* Voliva—53 Ind. App. 170.

NOTE.—Reported in 101 N. E. 319. See, also, under (1) 31 Cyc. 358; (2) 8 Cyc. 180, 199; (3) 8 Cyc. 56, 58; (4) 8 Cyc. 170, 180, 181; (5) 8 Cyc. 58; (6) 38 Cyc. 167. As to who is a *bona fide* holder of paper and what are his rights, see 9 Am. Dec. 272; 44 Am. Dec. 698.