[L. A. No. 4725. In Bank.—January 25, 1917.]

## J. H. GLENN, Appellant, v. J. C. RICE, Respondent.

AGENCY—ACTING FOR BOTH PARTIES IN MATTER OF SALE—RIGHT TO COMPENSATION—KNOWLEDGE BY PRINCIPALS OF DOUBLE AGENCY.—If an agent is engaged by both parties to effect a sale of property from one to the other, or an exchange between them, not as a mere middleman to bring them together, but actively in inducing each to make the trade, he cannot recover compensation from either party, unless both parties knew of the double agency at the time of the transaction, and it is immaterial that he acted fairly and honorably to both.

ID.—DOUBLE AGENCY CONTRARY TO PUBLIC POLICY.—The infirmity of such a contract does not arise from the agent's actual conduct in the given case, but from the policy of the law which will not allow a man to gain anything from a relation so conducive to bad faith and double dealing.

ID.—IGNORANCE BY ONE PRINCIPAL OF DOUBLE AGENCY.—The fact that the principal whom the agent sues was aware of the double agency and of the payment, or agreement to pay, compensation by the other party, and consented thereto, does not entitle him to recover. He must show knowledge by both parties.

ID.—NOTE GIVEN AGENT BY PRINCIPAL IS INVALID.—A promissory note given the agent for his services by the principal who was aware of the double agency, the other principal being in ignorance thereof, is invalid.

ID.—NEGOTIABLE NOTE — PROVISION FOR ATTORNEY'S FEE — INTEREST MADE DUE AFTER MATURITY OF PRINCIPAL.—A promissory note for

the payment of money at the end of thirty days from its date, with no conditions not certain of fulfillment except an agreement for the payment of attorney's fees in the event of suit thereon, is a negotiable instrument. A provision that the interest should be paid quarterly, and that if not paid when due the whole sum of principal and interest should immediately be due, at the option of the holder, does not change its character.

ID.—BONA FIDE PURCHASER OF INVALID NOTE—PART PAYMENT OF CONSIDERATION—ATTORNEY'S FEES.—A purchaser before maturity of an invalid negotiable promissory note, without notice of its invalidity, can recover thereon as a *bona fide* purchaser only to the extent of the consideration for the purchase actually paid by him before learning of its invalidity, and is entitled to also recover attorney's fees thereon, under a provision therefor in the note.

ID.—AGREEMENT OF PURCHASER TO PAY DEBTS OF SELLER.—The agreement of the purchaser to pay certain money upon the debts of the seller, had no greater effect to make him an innocent purchaser than if he had agreed to pay it directly to the seller, and in the absence of any transaction with the creditors whereby he was bound to pay them in any event, regardless of the validity of the note, and he can set up his defense in answer to any suit such creditors may bring against him.

JUDGMENT FOR MONEY—INTEREST ON JUDGMENT—COMPOUND INTEREST NOT ALLOWABLE.—In entering a judgment for money it is not necessary to declare therein that it shall bear interest. It bears interest at the rate of seven per cent per annum from its date by force of the law, and not by reason of any declaration it may contain to that effect. Such interest must not be compounded.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

A. H. Sweet, and Charles H. Forward, for Appellant.

E. Swift Torrance, for Respondent.

SHAW, J.—The plaintiff appeals from the judgment. The complaint states a cause of action upon a promissory note for $1,350, executed by the defendant to J. C. Glenn and by him indorsed to the plaintiff, J. H. Glenn. The facts necessary to the decision of the case are stated in the findings.

J. C. Glenn, a real estate broker, as agent of the San Diego Construction Company and also as the agent of the defend-

ant, Rice, negotiated an exchange between them of a note of the construction company for a parcel of land owned by Rice. He acted, not as a middleman merely, but as the agent of each party. The exchange was duly carried out. Before its consummation, the construction company agreed to pay Glenn one thousand five hundred dollars for his services as its agent, and Rice orally agreed to pay a like sum for Glenn's services as his agent. The construction company paid the sum it had agreed to pay, as aforesaid. Glenn owed Rice the sum of $150, which was deducted from the compensation agreed on. For the remainder Rice executed to said Glenn the note sued on.

The construction company did not know that said Glenn was acting as agent for Rice, or that he was to receive from him any remuneration. Rice, however, did know, prior to said exchange, that the construction company had agreed to pay Glenn one thousand five hundred dollars, and with that knowledge he made his agreement to pay the like sum to Glenn, but he never expressly or otherwise waived any objection he might have to Glenn receiving the one thousand five hundred dollars from the construction company.

On September 12, 1913, the note was indorsed by J. C. Glenn to J. H. Glenn, the plaintiff, in consideration of $1,350 to be paid by J. H. Glenn, as follows: The sum of six hundred dollars in cash to J. C. Glenn; four hundred dollars to the American National Bank on the obligation of J. C. Glenn to said bank, and $350 to George E. Hart upon the obligation of said J. C. Glenn to Hart. He paid the six hundred dollars in cash to J. C. Glenn at the time of the indorsement, but he did not pay and has not paid the remainder of the consideration. It does not appear that the plaintiff, at the time he purchased the note and paid the six hundred dollars thereon, had any knowledge of the facts relating to the double agency of J. C. Glenn toward Rice and the construction company, as above stated.

On these facts the court rendered judgment for the plaintiff in the sum of six hundred dollars, with interest thereon and costs, and refused to render judgment for any larger sum. The plaintiff claims that he is entitled to recover the entire amount of the note.

The defendant claims that the facts relating to the double agency of the payee of the note for the two parties to the

exchange render the obligation to pay compensation for the services against public policy and void.

The authorities, with practical unanimity, declare that if an agent is engaged by both parties to effect a sale of property from one to the other, or an exchange between them, not as a mere middleman to bring them together, but actively in inducing each to make the trade, he cannot recover compensation from either party, unless both parties knew of the double agency at the time of the transaction. The reason for the rule is that he thereby puts himself in a position where his duty to one conflicts with his duty to the other, where his own interests tempt him to be unfaithful to both principals, a position which is against sound public policy and good morals. His contract for compensation being thus tainted, the law will not permit him to enforce it against either party. It is no answer to this objection to say that he did, in the particular case, act fairly and honorably to both. The infirmity of his contract does not arise from his actual conduct in the given case, but from the policy of the law, which will not allow a man to gain anything from a relation so conducive to bad faith and double dealing. And the fact that the party whom he sues was aware of the double agency and of the payment, or agreement to pay, compensation by the other party, and consented thereto, does not entitle him to recover. He must show knowledge by both parties. One party might willingly consent, believing that the advantage would accrue to him, to the detriment of the other. The law will not tolerate such an arrangement, except with the knowledge and consent of both, and will enter into no inquiry to determine whether or not the particular negotiation was fairly conducted by the agent. It leaves him as it finds him, affording him no relief. The following cases declare these rules, although the list by no means includes all the cases so holding: *Chapman* v. *Currie,* 51 Mo. App. 43; *Capener* v. *Hogan,* 40 Ohio St. 203; *Rice* v. *Wood,* 113 Mass. 133, [18 Am. Rep. 459]; *Finnerty* v. *Fritz,* 5 Colo. 175; *Green* v. *Southern States L. Co.,* 141 Ala. 686, [37 South. 670, s. c., 163 Ala. 514, 50 South. 917]; *Skirvin* v. *Gardner,* 36 Okl. 615, [129 Pac. 729]; *Sullivan* v. *Tufts,* 203 Mass. 157, [89 N. E. 239]; *Lynch* v. *Fallon,* 11 R. I. 311, [23 Am. Rep. 458]; *Meyer* v. *Hanchett,* 43 Wis. 250; *Rice* v. *Davis,* 136 Pa. 441, [20 Am. St. Rep. 931, 20 Atl. 513]; *Bollman* v. *Loomis,* 41 Conn. 582; *Boyd* v. *Hughes,* 84 Ill. 174,

[25 Am. Rep. 442]. The doctrine was also stated by this court in *Berlin* v. *Farwell,* 3 Cal. Unrep. 643, [31 Pac. 527]. The case was not inserted in the official reports, but it has never been overruled.

No cases are cited by the respondent to the contrary. In *Jauman* v. *McCusick,* 166 Cal. 517, [137 Pac. 254], the plaintiff was suing for commission as agent for the exchange of real property, and it was said that his rights were not affected ''by the fact that under the agreement commissions were to be paid by both parties to the proposed exchange,'' because the defendant had agreed to pay the commission to the agent with knowledge that he was also to receive a commission from the other parties, and he was not in a position to complain of the illegality of the transaction. On the face of the opinion it does not appear whether or not the other party to the exchange was also aware of the double agency. In fact, however, the record showed that both parties had knowledge thereof. The precise question before the court in the present case was not presented or considered. In *Shepherd-Teague Co.* v. *Hermann,* 12 Cal. App. 394, 402, [107 Pac. 622], two justices of the district court of appeal say that the fact that the other party was also to pay a commission to the common agent would be no defense to an action against a defendant for such commissions, if, when he executed the agreement, he knew of the agreement of the other party to pay commissions. Justice Cooper, concurring specially, stated the proposition to be that if both principals knew all the facts and each agreed to pay the commissions; there could be nothing unfair in the transaction and both would be liable. In that case also, the record shows that both parties knew of the double agency. Neither of these decisions is authority contrary to the rule above stated. In *Clark* v. *Allen,* 125 Cal. 276, 278, [57 Pac. 985], it is said that the rule we have stated is sound, but that case was distinguished on the ground that the broker was acting merely as a middleman, his duty being complete when he brought the two parties to the trade together. Our conclusion is that the contract of the defendant to pay commissions to J. C. Glenn was against public policy and void, and that the note given in consideration thereof, is, consequently, invalid.

The note sued on reads as follows:

CLXXIV Cal.—18

"San Diego, California, Sept. 2d, 1913.

"Thirty days after date without grace, for value received I promise to pay to the order of J. C. Glenn at San Diego, Cal., Thirteen hundred and fifty and no-100 Dollars, with interest at the rate of seven per cent per annum from date until paid, interest payable quarterly and if not so paid to be compounded annually and bear the same rate of interest as the principal; and should the interest not be paid when due then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest payable in Gold Coin of the United States. Should suit be commenced, or an attorney employed to enforce the payment of this note I agree to pay an additional sum of ten per cent on principal and accrued interest as attorney's fees in such suit.

"J. C. RICE."

This note is negotiable in form. A negotiable instrument must be payable in money only, without conditions not certain of fulfillment, except the contingent agreement to pay attorney's fees and costs if suit be brought thereon. (Civ. Code, sec. 3088.) This note was payable at the end of thirty days from its date with no conditions not certain of fulfillment except the agreement to pay attorney's fees. This brings it within the definition of the code. The provisions that the interest should be paid quarterly, and that if not paid when due the whole sum of principal and interest should immediately be due, at the option of the holder, does not change its character. The quarterly interest could not become due until at least sixty days after the maturity of the note itself, and hence, that clause did not alter the positive character of the promise to pay the principal thirty days after date, and does not affect the character of the note as a negotiable instrument. The decisions in *Meyer* v. *Weber,* 133 Cal. 681, [65 Pac. 1110], and *National Hardwood Co.* v. *Sherwood,* 165 Cal. 1, [130 Pac. 881], are not inconsistent with the above conclusion. The plaintiff having paid the six hundred dollars without notice of the invalidity of the note is protected to the extent of that payment. But with respect to the remainder of the consideration agreed to be paid by him upon the purchase of the note, his position is different. He was a purchaser in good faith only to the extent the part of

the price actually paid by him. Where a purchaser of an invalid note, after paying a part of the consideration and receiving the note, learns of its invalidity before paying the residue he agreed to pay, he cannot recover the full amount of the note, but only the amount paid by him before the discovery of its illegality. (*Hubbard* v. *Chapin*, 84 Mass. 328; *Dresser* v. *Missouri etc. Co.*, 93 U. S. 92, [23 L. Ed. 815]; *Certain* v. *Smith*, 53 Ind. App. 163, [101 N. E. 319].) The same rule has been applied in this state to the case of one who purchases real property encumbered by mortgage not properly recorded, and who pays a part of the price before notice of the mortgage. In such case he is protected as to the amount paid, but takes subject to the mortgage as to the portion unpaid at the time he received notice thereof. (*Davis* v. *Ward*, 109 Cal. 186, [50 Am. St. Rep. 29, 41 Pac. 1010]; *Kenniff* v. *Caulfield*, 140 Cal. 34, 45, [73 Pac. 803].) The agreement of the purchaser to pay certain money upon the debts of the seller had no greater effect to make him an innocent purchaser than if he had agreed to pay it directly to the seller. It does not appear that he had entered into any transaction with the creditors whereby he was bound to pay them in any event, regardless of the validity of the note, and he can therefore set up his defense in answer to any suit such creditors may bring against him. (*Bank of Ukiah* v. *Gibson*, 109 Cal. 197, 199, [41 Pac. 1008]; *Henry* v. *Phillips*, 163 Cal. 135, 141, [Ann. Cas. 1914A, 39, 124 Pac. 837].)

The cases cited by plaintiff to the effect that the *bona fide* purchaser of a negotiable instrument may recover its full face value, although he paid much less for it, apply only where he pays, or becomes indisputably bound to pay the whole price before he discovers the facts which render the instrument invalid. They are not contrary to the established rule above stated.

To the extent of the six hundred dollars which he paid, he is entitled to full protection, including the benefit of the agreement in the note to pay attorney's fees. The court should have allowed him ten per cent thereon as attorney's fees. To that extent the judgment was erroneous and should be modified accordingly. The interest will, of course, run from its original date. It does not appear, however, that this point was urged in the court below, and the appellant should not recover the costs of appeal on account of such modification.

In entering a judgment, it is not necessary to declare therein that it shall bear interest. It bears interest at the rate of seven per cent per annum from its date by force of the law and not by reason of any declaration it may contain to that effect. (Civ. Code, sec. 1920; Code Civ. Proc., sec. 682.) And such interest must not be compounded. The judgment appealed from was erroneous in declaring that the interest thereon at seven per cent should be compounded annually. (Civ. Code, sec. 1920.) Neither party is entitled to costs on appeal.

The judgment is modified so as to read as follows: "It is now, on this 12th day of November, 1914, considered by the court that the plaintiff recover of the defendant the sum of six hundred and sixty dollars, together with costs taxed at $15.25." As thus modified the judgment is affirmed without costs of appeal to either party.

Sloss, J., Melvin, J., Lorigan, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.