[Civ. No. 2166.     Second Appellate District.—May 20, 1918.]

LESLIE B. RIGGINS, Respondent, v. CHARLES C. PATTERSON et al., Appellants.

BROKERS' COMMISSIONS—EXCHANGE OF PROPERTY—COMPENSATION FROM BOTH PARTIES—RULE.—An agent in acting in the matter of the sale or exchange of property may not collect compensation from both parties unless each party had full knowledge of the facts concerning the agreement of the other to pay compensation.

ID.—ACTION FOR COMMISSIONS—DOUBLE AGENCY—LACK OF KNOWLEDGE OF PARTIES—JUDGMENT WITHOUT SUPPORT.—In an action by an agent for a commission in procuring an agreement for an exchange of real properties, where it was found that plaintiff was acting as agent for both parties, and there was no finding that both parties knew of the double agency, the judgment in favor of the plaintiff is not sufficiently supported.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. T. Price, Judge Presiding.

The facts are stated in the opinion of the court.

Robert H. Scott, and Hutton & Williams, for Appellants.

Thos. C. Ridgway, for Respondent.

JAMES, J.—This appeal is taken from a judgment entered in favor of the plaintiff for the sum of five hundred dollars. It is presented on the judgment-roll alone. For cause of action plaintiff alleged in its complaint that on August 11, 1914, the defendant agreed in writing to pay the plaintiff the sum sued for as commission for services theretofore rendered by Leslie B. Riggins Company, a corporation, as real estate agent in procuring an agreement of exchange of properties of defendant Patterson for property belonging to one Denton and one Beggs. The answer made by the defendant first contained a denial of all the material allegations of fact embraced within the complaint. It was then set up as a further defense that the plaintiff, on the eighth day of August, 1914, was employed by Denton and Beggs to act as their agent and broker in procuring the alleged agreement for the exchange of real estate and that Denton and Beggs agreed to pay the plaintiff as compensation for such services the sum of six hundred dollars; that on about the same date the plaintiff accepted the employment and did at all times subsequent thereto represent and act for said Denton and Beggs as their agent and broker, and while representing itself to be such agent procured from the defendant Frank Reeves an acceptance of said proposition to exchange the real property. As a third defense defendant alleged that if any services had been rendered by the plaintiff, the same were voluntarily rendered and without any employment or authority or request from the defendant. The court made findings of fact determining, first, that prior to August 11, 1914, the plaintiff, as real estate agent, rendered services to the defendant in procuring an agreement of exchange of property belonging to the defendant Patterson for property belonging to Denton and Beggs; that defendant agreed on August 11, 1914, in writing, to pay the sum of five hundred dollars as commission for such services. There is a finding also that no part of the sum sued for had been paid. The court then further finds that on the eighth day of August, 1914, Denton and Beggs entered into an agreement with the plaintiff by which they employed the plaintiff as their agent in procuring the agreement of

exchange and agreed to pay such agent the sum of six hundred dollars for such services. This finding follows: "It is true that plaintiff's assignor accepted said employment and at all time subsequent to the eighth day of August, 1914, represented and acted for said Alice M. Denton and Hugh H. Beggs as their agent in procuring said agreement of exchange, and said plaintiff's assignor did on August 8, 1914, while representing itself to be the agent of said Denton and Beggs, procure from defendant, Frank Reeves, an acceptance of said agreement of exchange, and the court further finds that said acceptance was in writing indorsed upon and forming a part of said agreement of exchange signed by said Denton and Beggs, and that in said acceptance said defendant Reeves agreed to pay plaintiff's assignor the sum of five hundred dollars commission for services rendered." The further finding made recites the depositing of deeds in escrow by the several parties to the transaction. It is contended on behalf of appellant that the findings do not support the judgment in that it is not determined by the court that at the time the agreement to pay commission was made both parties to the exchange had knowledge of the fact of the agreement on the part of the other to pay commission to the agent. That the law is that an agent in acting in the matter of the sale or exchange of property may not collect compensation from both parties, unless it appears that each party had full knowledge of the facts concerning the agreement to pay such compensation, is not here in dispute. Respondent's answer to the contention advanced by the appellant is that the lack of knowledge on the part of either party is a matter of affirmative defense to an action brought to recover commission and that such defense is not presented by the pleadings in this case. The second answer urged is, conceding the pleadings were sufficient to present such an issue, in the absence of a finding upon the issue it will be presumed in support of the judgment that if such finding were made, it would be adverse to the appellant. In so far as appellant Reeves is concerned, it does appear at least by inference from the finding that he had knowledge prior to the time of making his agreement to pay commission that Denton and Beggs had already agreed to pay the sum of six hundred dollars to the plaintiff on the same account. This appears from the fact that the court finds,

first, that the agreement of exchange prepared by Denton and Beggs or offered by them contained the agreement on their part to pay commission, and that it was this agreement which was indorsed by Reeves or accepted by him in writing and by which acceptance he bound himself on his part to pay five hundred dollars as commission for the services of the plaintiff. It nowhere appears in the findings that appellant Patterson signed any acceptance of that agreement of exchange or had any knowledge of the agreement to pay commission as made by the other parties to it. The court finds merely, in substance, that Patterson deposited with a title or trust company a deed with instructions, which instructions were in accordance with the terms and agreements of the agreement of exchange. The facts as found by the court do not give to the plaintiff the character of a middleman from which it might be assumed that he was dealing as the agent of both parties with their knowledge, but the court particularly finds that plaintiff was employed as the agent of Denton and Beggs, and that representing himself to be such agent to Reeves, he procured an acceptance of the agreement of exchange. In *Glenn* v. *Rice,* 174 Cal. 269, [162 Pac. 1020], it is said: "The authorities, with practical unanimity, declare that if an agent is engaged by both parties to effect a sale of property from one to the other, or an exchange between them, not as a mere middleman to bring them together, but actively in inducing each to make the trade, he cannot recover compensation from either party, unless both parties knew of the double agency at the time of the transaction. The reason for the rule is that he thereby puts himself in a position where his duty to one conflicts with his duty to the other, where his own interests tempt him to be unfaithful to both principals, a position which is against sound public policy and good morals. His contract for compensation being thus tainted, the law will not permit him to enforce it against either party. It is no answer to this objection to say that he did, in the particular case, act fairly and honorably to both. The infirmity of his contract does not arise from his actual conduct in the given case, but from the policy of the law, which will not allow a man to gain anything from a relation so conducive to bad faith and double dealing. And the fact that the party whom he sues was aware of the double agency and of the

payment, or agreement to pay, compensation by the other party, and consented thereto, does not entitle him to recover. He must show knowledge of both parties. One party might willingly consent, believing that the advantage would accrue to him, to the detriment of the other. The law will not tolerate such an arrangement, except with the knowledge and consent of both, and will enter into no inquiry to determine whether or not the particular negotiation was fairly conducted by the agent. It leaves him as it finds him, affording him no relief.'' As the findings of fact in this case disclose that the plaintiff was attempting to act as the agent of both parties to the transaction, and it does not appear that either Patterson or Denton and Beggs knew of the double agency, as between these parties sufficient facts are not found to support the judgment as made. We think that even had the answer contained merely a general denial, when the facts disclose conditions as shown by the findings, the rule of public policy adverted to in the decision in *Glenn* v. *Rice, supra,* would interpose to prevent relief being granted to the plaintiff. In our opinion, the further finding was necessary to be made in order that the judgment have validity, showing the necessary facts to relieve the case from the rule. We do not think that such a finding can be supplied by inference or presumption.

After complaint filed the cause of action herein was assigned by the Leslie B. Riggins Company to Leslie B. Riggins, and proper substitution made by order of court. For convenience we have referred in the foregoing to the Leslie B. Riggins Company as the plaintiff.

The judgment as against appellant Patterson is reversed; as against appellant Reeves it is affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 19, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 18, 1918.