[No. B080162. Second Dist., Div. Two. Apr. 25, 1995.]

In re the Marriage of RICHARD JOSEPH and VERA ROBERTS PEREZ.
RICHARD JOSEPH PEREZ, Respondent, v.
VERA ROBERTS PEREZ, Appellant.

## COUNSEL

Gil Garcetti, District Attorney, Diana L. Summerhayes, Nancy K. Ruffolo and Dirk L. Hudson, Deputy District Attorneys, for Appellant.

No appearance for Respondent.

## OPINION

**BOREN, P. J.**—This is an appeal by a custodial parent, wife Vera Roberts Perez, from an order reducing money in arrears and waiving interest due as to the child support obligation of the absentee parent, husband Richard Joseph Perez. Since the court acted in excess of its jurisdiction in reducing from $5,000 to $2,000 the balance owed and in eliminating the statutorily required interest on the unpaid child support due, we reverse.

On October 15, 1981, pursuant to stipulation by the parties, the court ordered husband to pay child support of $225 per month, payable on the 1st and 15th of each month. Thereafter, in ensuing years, husband's support obligation was initially reduced due to changed circumstances and then increased to $205 per month, and on May 13, 1993, was increased to $625 per month, payable by wage assignment. On that date, the court also credited husband with $2,500 toward child support arrears of $10,000, calculated as of March 1, 1993.

The next month, husband requested a modification of the child support order based upon changed circumstances, i.e. loss of his job, and thereafter requested recalculation of the interest due on his unpaid child support. Wife opposed husband's requested modification of child support and recalculation of interest. At a hearing on August 18, 1993, wife alleged that husband had rental income, two new cars, a recreational vehicle, other recently purchased assets, and a spouse who was now working and helping to support him. Based on husband's financial declaration, the court determined his income from disability benefits to be $1,140 a month. The court acknowledged that wife had "correctly point[ed] out" that the current balance on the interest due on the child support arrearages was $5,000. The court also observed, however, that for several years from 1981 to approximately 1984 husband was injured on his job and was not working "but neglected to come into court to . . . get the money [he owed for child support] reduced." The court then noted that the amount paid by husband over the years was approximately $20,000, which was the amount of money due if the payments had been promptly made, "so the question now is how much interest is owed." Although the deputy district attorney, representing wife in the family support matter, urged the court had no equitable power to disregard statutory law as to interest on support arrearages, the court deemed it had limited discretion. On September 23, 1993, the court ordered "that interest on child support arrearages in the sum of $2,000.00 only is due from [husband] to [wife]. Said balance shall be paid at the rate of $100 per month commencing September 7, 1993, one-half on the 7th and 21st, payable through the Court Trustee. If said $2,000.00 is not paid within 20 months, Judgment for $5,000.00 shall enter." Wife appeals.

 Wife correctly contends that the trial court acted in excess of its jurisdiction in reducing the balance of child support arrearages owed from $5,000 to $2,000. "A support order may not be modified or terminated as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate." (Fam. Code, § 3651, subd. (c); see former Civ. Code, § 4700, subd. (a).) Although a decree for support "may be modified as to installments to become due in the future [,] [a]s to accrued installments it is final." (*Keck* v. *Keck* (1933) 219 Cal. 316, 320 [26 P.2d 300].) "Accrued arrearages are treated like a money judgment." (*In re Marriage of Everett* (1990) 220 Cal.App.3d 846, 854 [269 Cal.Rptr. 917].) In the present case, the court's reduction of the balance of the child support arrearages due amounted to an impermissible retroactive modification which cut off wife's ability to enforce arrears incurred under prior valid orders and improperly forgave a portion of husband's outstanding debt. (*Id.* at p. 855.) To the extent that husband in past years suffered financial difficulties and was from time to time behind in payments, thus accruing interest due to

wife, husband could have more promptly come to court to request a reduction of support payments due. He failed to do so and must now pay the accrued interest. Not only is husband's equity claim inapplicable because the matter is plainly covered by statute (see *Gardiner Solder Co.* v. *SupAlloy Corp., Inc.* (1991) 232 Cal.App.3d 1537, 1543 [284 Cal.Rptr. 206]), but there is no inequity in assessing avoidable interest sums against husband whose delayed payments likely caused hardship or inconvenience to wife.

■ In addition to the court improperly reducing to $2,000 the total amount of arrearages due, it erroneously waived interest due on that reduced amount. "A judgment for child . . . support, including all lawful interest and penalties computed thereon, is enforceable until paid in full." (Former Civ. Code, § 4384.5, now Fam. Code, § 4502.) The lawful interest rate is specified by statute and accrues as to each installment when each installment becomes due. (Code Civ. Proc., §§ 685.010, subds. (a), (b), 685.020, subd. (b).) It is statutorily required that partial payment of an interest-bearing child support obligation must be applied first to the current month's support, and then to reduce the interest accrued; any remaining amount of the partial payment is next credited to reduce the principal. (Former Code Civ. Proc., § 695.220, subd. (e), now Code Civ. Proc., § 695.221.) Any unpaid principal remaining continues to accrue interest. (Code Civ. Proc., 685.010, subd. (a); see Code Civ. Proc., § 695.211, subd. (a).) Accordingly, the court erred in purporting to exempt husband from the payment of interest on the balance due on the remaining arrearages.

The order under review is reversed. The trial court is directed to issue a new and properly calculated child support order. Wife is entitled to costs on appeal.

Fukuto, J., and Nott, J., concurred.

A petition for a rehearing was denied May 12, 1995.