38 Cal.App.4th 510 (1995)
45 Cal. Rptr.2d 61
COUNTY OF LOS ANGELES, Plaintiff and Appellant,
v.
SYDNIA CAROLE SALAS, Defendant and Respondent.
Docket No. B083579.
Court of Appeals of California, Second District, Division Five.
September 22, 1995.
*512 COUNSEL
Gil Garcetti, District Attorney, Patrick D. Moran and Shirley S.N. Sun, Deputy District Attorneys, for Plaintiff and Appellant.
No appearance for Defendant and Respondent.
OPINION
TURNER, P.J. 

I. INTRODUCTION
The District Attorney for the County of Los Angeles appeals from an order determining that Sydnia Carole Salas was not required to pay interest on child support arrearages owed by her for the support of her minor child. We reverse.

II. BACKGROUND
On April 14, 1993, a judgment was entered ordering Ms. Salas to pay $400 and $100 per month for child support and care costs respectively commencing on September 1, 1992. A wage and earnings assignment was also ordered. On April 20, 1993, notice of entry of judgment and default on child support payments was filed and served by mail on Ms. Salas. On October 21, 1993, after a contested hearing, the court issued an order modifying its prior order and requiring Ms. Salas to pay $280 per month, payable one-half on the first day and an equal amount on the fifteenth day of each month commencing November 15, 1993. The court also issued a wage and earnings assignment and ordered the $280 payment be payable to the court trustee.
On January 3, 1994, the child support collection program sent Ms. Salas a demand for payment of her delinquent family support obligation in the amount of $5,397.59. On January 12, 1994, Ms. Salas filed an application for relief from the demand for payment. She requested the court to waive the entire amount of the child support arrearage on the grounds: (1) she had custody of the child for the first six years of his life and received no support; (2) she went into default because the court order directing her to pay child support was served on her job at a time when her department was relocated; and (3) she had a hardship because was the sole caretaker of a five-year-old child. The district attorney filed a response to the application in which it was *513 asserted no legal justification existed for waiving the arrearages. The response also stated that pursuant to an audit conducted on December 3, 1993, Ms. Salas was in arrears in her support obligation for the amount of $5,994.45 as of November 15, 1993.
At the hearing on February 14, 1994, Ms. Salas argued the court should grant her relief from a Franchise Tax Board intercept and a waiver of the arrearages. When the deputy district attorney advised the court that the parties agreed that the principal amount of the arrearage was $5,099.93, the court asked Ms. Salas if the district attorney had ever advised Ms. Salas in writing of the amount of interest she owed. At which point, the deputy district attorney advised the court the amount of interest was $42.50 a month. The court then asked Ms. Salas if she could afford to pay $50 per month. When the deputy district attorney advised the court the principal would only be paid off at about $7 per month, the court stated: "I'm going to find that the total amount that you owe ... as of this date is $5,099.... [I]t's my position that the District Attorney's Office in not telling you that you owe interest or the amount of the interest in the demand for payment constitutes a waiver, so you're concerned with $5,099. I'm going to raise that to $75.00 a month. That will be paid at the rate of $75.00 a month, payable one-half on the 1st and 15th of each month commencing March 15, 1994." When the deputy district attorney asked the court on what basis the interest was waived, the court responded that it was not waiving the interest but finding it was not payable because of lack of notice in violation of due process. The district attorney filed a timely appeal from the trial court's order determining Ms. Salas did not owe any interest on the child support arrearages.

III. DISCUSSION
(1) The district attorney argues that the trial court erred in waiving the interest due on the arrearages. He also argues the trial court erred in determining Ms. Salas did not owe any interest because the demand for payment did not show the amount of interest that was due on the child support arrearages.
It is well established that the defaulting parent is required to pay interest on support arrearages as a matter of law pursuant to Code of Civil Procedure section 1033. (In re Marriage of Popenhager (1979) 99 Cal. App.3d 514, 523-524 [160 Cal. Rptr. 379]; In re Marriage of Hoffee (1976) 60 Cal. App.3d 337, 338-340 [131 Cal. Rptr. 637]; see also Cal. Const., art. XV, § 1; Glenn v. Rice (1917) 174 Cal. 269, 276 [162 P. 1020]; compare Harland v. State of California (1979) 99 Cal. App.3d 839, 842-844 [160 Cal. Rptr. 613] [Cal. *514 Const., art. XV, § 1 requires postjudgment interest] with Morris v. Department of Real Estate (1988) 203 Cal. App.3d 1109, 1112 [250 Cal. Rptr. 432] [Cal. Const., art. XV, § 1 not mandatory but sets maximum rate of interest].) As Division Two of this appellate district explained in In re Marriage of Perez (1995) 35 Cal. App.4th 77, 81 [41 Cal. Rptr.2d 377]: "`A judgment for child ... support, including all lawful interest and penalties computed thereon, is enforceable until paid in full.' (Former Civ. Code, § 4384.5, now Fam. Code, § 4502.) The lawful interest rate is specified by statute and accrues as to each installment when each installment becomes due. (Code Civ. Proc., §§ 685.010, subds. (a), (b), 685.020, subd. (b).) It is statutorily required that partial payment of an interest-bearing child support obligation must be applied first to the current month's support, and then to reduce the interest accrued; any remaining amount of the partial payment is next credited to reduce the principal. (Former Code Civ. Proc., § 695.220, subd. (e), now Code Civ. Proc., § 695.221.) Any unpaid principal remaining continues to accrue interest. (Code Civ. Proc., § 685.010, subd. (a); see Code Civ. Proc., § 695.211, subd. (a).)" Perez, then concluded the trial court, which had no authority to eliminate the statutorily required interest that was due on unpaid child support, erred in purporting to waive the interest due on the arrearage. (In re Marriage of Perez, supra, 35 Cal. App.4th at p. 81.) Thus, under the above stated standards, the trial court erred in concluding Ms. Salas was entitled to a waiver of the interest on the arrearages due.
(2a) The question remains, however, whether the trial court properly concluded due process required that Ms. Salas receive notice of the accrued interest due on the arrearages in the demand for payment. (3) One Court of Appeal has held: "`Due process, unlike other legal rules, is not a technical concept, fixed in content unrelated to time, place and circumstances.'" (Petrillo v. Bay Area Rapid Transit Dist. (1988) 197 Cal. App.3d 798, 808 [243 Cal. Rptr. 74].) The California Supreme Court has stated: "In determining applicable due process safeguards, it must be remembered that `due process is flexible and calls for such procedural protections as the particular situation demands.' [Citation.]" (People v. Ramirez (1979) 25 Cal.3d 260, 268 [158 Cal. Rptr. 316, 599 P.2d 622].)
(2b) Here, the record demonstrates the demand for the child support arrearage was made after a judgment was entered against Ms. Salas. Ms. Salas has never claimed she was denied an opportunity to be heard in the proceedings wherein the judgment was entered and her obligation to pay child support was established. We have found no authority that supports the trial court's determination that in a postjudgment demand for child support arrearages, due process required the district attorney give Ms. Salas written *515 notice that the arrearages had accrued interest.[1] (Cf. Wyshak v. Wyshak (1977) 70 Cal. App.3d 384, 388-394 [138 Cal. Rptr. 811] [postjudgment proceedings, by execution, to collect arrearage of spousal support payments payable pursuant to interlocutory judgment of divorce did not require additional notice where underlying judgment obtained with due process]; In re Marriage of Crookshanks (1974) 41 Cal. App.3d 475, 477-479 [116 Cal. Rptr. 10] [due process does not require postjudgment hearing prior to the issuance of writ to collect unpaid child support].) The interest accrues automatically by force of law and not by a declaration in the judgment. (Bellflower City School Dist. v. Skaggs (1959) 52 Cal.2d 278, 279, 281-282 [339 P.2d 848]; Glenn v. Rice, supra, 174 Cal. at p. 276; Harland v. State of California, supra, 99 Cal. App.3d at pp. 842-844; Big Bear Properties, Inc. v. Gherman (1979) 95 Cal. App.3d 908, 913 [157 Cal. Rptr. 443]; Pinecrest Productions, Inc. v. RKO Teleradio Pictures, Inc. (1970) 14 Cal. App.3d 6, 11 [92 Cal. Rptr. 44]; Espinoza v. Rossini (1967) 257 Cal. App.2d 567, 572 [65 Cal. Rptr. 110]; Housing Authority v. Arechiga (1962) 203 Cal. App.2d 159, 161 [21 Cal. Rptr. 464]; Rogers v. Springfield Fire etc. Ins. Co. (1928) 92 Cal. App. 537, 540-541 [268 P 679].) (4) As the California Supreme *516 Court stated long ago in Glenn v. Rice, supra, 174 Cal. at page 276: "In entering a judgment, it is not necessary to declare therein that it shall bear interest. It bears interest at the [legal] rate ... from its date by force of law and not by reason of any declaration it may contain to that effect." (2c) More specifically, as noted above, the interest on the child support judgment accrued as a matter of law. (In re Marriage of Popenhager, supra, 99 Cal. App.3d at pp. 523-524; In re Marriage of Hoffee, supra, 60 Cal. App.3d at pp. 338-340.) Ms. Salas is charged with knowledge of the law and is not entitled to claim she was ignorant of it. (Robinson v. Fair Employment & Housing Com. (1992) 2 Cal.4th 226, 244 [5 Cal. Rptr.2d 782, 825 P.2d 767]; People v. Snyder (1982) 32 Cal.3d 590, 592-593 [186 Cal. Rptr. 485, 652 P.2d 42]; Hale v. Morgan (1978) 22 Cal.3d 388, 396 [149 Cal. Rptr. 375, 584 P.2d 512]; People v. Union Oil Co. (1957) 48 Cal.2d 476, 483 [310 P.2d 409]; People v. O'Brien (1892) 96 Cal. 171, 176 [31 P. 45]; People v. Burns (1888) 75 Cal. 627, 630 [17 P. 646].) Under these circumstances, the trial court erroneously determined Ms. Salas was denied due process because she was not advised in writing she owed interest on the unpaid child support judgment.

IV. DISPOSITION
The order determining the interest on the child support arrearages was not due is reversed.
Armstrong, J., and Godoy Perez, J., concurred.
NOTES
[1] We note that since the trial court rendered its decision in this case on February 14, 1994, the Legislature added section 695.211 to the Code of Civil Procedure effective September 28, 1994. (Stats. 1994, ch. 959, § 1.) Code of Civil Procedure section 695.211 provides: "(a) Every money judgment or order for child support shall provide notice that interest on arrearages accrues at the legal rate. [¶] (b) The notice provisions required by this section shall be incorporated in the appropriate Judicial Council forms. [¶] (c) Upon implementation of the Statewide Automated Child Support System (SACSS) prescribed in Section 10815 of the Welfare and Institutions Code and certification of the SACSS by the United States Department of Health and Human Services, whenever a statement of account is issued by the district attorney in any child support action, the statement shall include a statement of an amount of current support, arrears, and interest due." Thus, under Code of Civil Procedure section 695.211, a district attorney must include in any statement of account the amount of interest due on child support arrears. However, at the time this order was entered no affirmative obligation existed.

We allowed the parties to submit letter briefs on the issue of what effect, if any, this legislation had on the issue raised in this appeal. Specifically, we asked the parties to brief the issue of whether the statute was to be applied retroactively. We conclude that the statute has no effect on the issues in this case because there is no evidence the Legislature intended the statute should be applied retroactively. (Code Civ. Proc., § 3; Kizer v. Hanna (1989) 48 Cal.3d 1, 7 [255 Cal. Rptr. 412, 767 P.2d 679]; Evangelatos v. Superior Court (1988) 44 Cal.3d 1188, 1207 [246 Cal. Rptr. 629, 753 P.2d 585].) In addition, it should be noted that the original version of Assembly Bill No. 3072, 1993-1994 Regular Session, which became Code of Civil Procedure section 695.211, contained provisions which provided that the interest owed on the arrearages would be subject to waiver and estoppel principles. (Assem. Bill No. 3072 (1993-1994 Reg. Sess.) § 1.) Those provisions were opposed by the State of California, Department of Social Services and the California Attorney General. In addition, the Attorney General opposed a broad retroactive application of the statute. (See Assem. Com. on Judiciary, Analysis of Assem. Bill No. 3072 (1993-1994 Reg. Sess.) as amended May 25, 1994; letter of Carol Ann White on behalf of Daniel Lungren, Attorney General (May 23, 1994) pp. 1-3.) The final version of the bill did not contain any reference to waiver or estoppel principles nor is there any indication the Legislature meant for the statute to be applied retroactively.