Filed 11/19/20  Marriage of Hudson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re the Marriage of CINDY and LAWRENCE HUDSON. | |
| CINDY R. HUDSON, | E071943 |
| Appellant, | (Super.Ct.No. VFLVS019846) |
| v. | OPINION |
| LAWRENCE E. HUDSON, | |
| Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  J. Bruce Minton, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part; reversed in part with directions.

Law Offices of John A. Tkach and John A. Tkach for Appellant.

Law Offices of Valerie Ross and Valerie Ross for Respondent.

Appellant Cindy R. Hudson (Wife) appeals from the trial court's grant of respondent Lawrence E. Hudson's (Husband) request for an order terminating spousal

support.  In addition, she appeals from the trial court's order on her request for past due spousal support claiming the court erroneously calculated past-due spousal support and failed to award her interest.  Below, the trial court conducted a Family Code section 4320[1] hearing and terminated spousal support to Wife, which had been ongoing for 16 years for an eight-year marriage.  Further, the trial court awarded arrearages for unpaid spousal support but did not award interest on the arrearages.

On appeal, Wife claims (1) the trial court abused its discretion by terminating spousal support; (2) the trial court erred by failing to award interest on the past-due spousal support; (3) the award of $42,447.79 in past-due spousal support was not supported by the evidence; and (4) the trial court abused its discretion by refusing to allow Wife to argue the correct amount of arrearages at the hearing on past-due spousal support.

## FACTUAL AND PROCEDURAL HISTORY

A.    <u>DISSOLUTION JUDGMENT</u>

Wife and Husband were married on December 31, 1990, and had been separated since July 1999.  They had two children, A.H. and M.H., born in April 1990 and September 1992, respectively.  A dissolution judgment was entered on March 1, 2001. Wife was granted full legal and physical custody of the two children.

---

[1] All further statutory references are to the Family Code unless otherwise indicated.

As for spousal support, it was reported that Wife had a monthly income of $426 from food stamps and Husband had a monthly income of $3,000. Husband held a sales position and received a salary and bonuses. The minute order from the dissolution judgment states, "[Husband] is ordered to pay as and for spousal support the sum of $567.00 per month, payable one-half on the 1st and one-half on the ALL 1st days of each month, commencing on 02/01/01 and continuing until the death of either party, remarriage of the [Wife] or: OR AGREEMENT OF THE PARTIES."

B. HUSBAND'S REQUEST FOR ORDER TERMINATING SPOUSAL SUPPORT

On May 22, 2017, almost 16 years after the original dissolution judgment, Husband filed a request for an order terminating spousal support (RFO). Husband sought to have the trial court end the $567 per month spousal support. Husband listed that Wife's training, job skills and employment were "unknown." Husband also listed it was "unknown" the current job market for Wife's job skills. Husband stated that his standard of living was "Modest." He did not own any real property or have any investments. Husband did not know Wife's standard of living or assets. Husband attested that he was 47 years old and in good health.

Husband provided his own declaration. He was making "substantially less" than the amount he was making at the time the dissolution judgment was entered. Husband claimed to have paid spousal support between 2001 and 2016. He argued that paying spousal support for 15 years, for an eight and one-half year marriage, was a substantial time.

3

Husband also provided an income and expense declaration. He had been working at Walmart since June 29, 2015, and he made $19.52 an hour. He was remarried and his new wife made $600 each month. His average monthly salary was $2,300. He had total savings of $650. His monthly expenses without paying spousal support totaled $2,597.64.

Wife filed a response to the RFO.[2] She did not consent to the termination of spousal support. In addition, she requested an order requiring Husband to pay her $39,429 for past-due spousal support, which was due from February 2001 to November 2006. Wife also alleged he had missed payments between 2013 and 2016 for a total of $8,808.00.

Wife attached a support payment log to her response. It listed that all payments were missed between 2001 and November 2006 except for one payment of $261 in October 2006. Also attached was a wage assignment obtained against Husband in favor of Wife filed on August 21, 2006. Wife also attached her 2016 income tax return listing her yearly wages as $32,786. She listed her occupation as optician/warehouse worker.

According to Wife's income and expense declaration, she worked for Amazon in Texas. She began working in November 2016; she worked 40 hours each week; and was paid $12.50 per hour. She was 48 years old. She averaged $2,040 per month in salary and $523.88 in spousal support. Her total expenses were $2,522 each month.

---

[2] Wife filed with her maiden name, Tapia.

4

A first hearing was held on June 26, 2017. Husband and Wife were present. The trial court attempted to clarify the length of the marriage stating that if it was less than 10 years, Wife should only receive support for half of the length of the marriage. The matter was continued. The matter was heard again on September 25, 2017, and it was set for a contested hearing on spousal support pursuant to the factors in section 4320. The trial court advised Wife that if she wanted to claim past-due spousal support, she would have to file her own request for order.

C.      HEARING: TERMINATION OF SPOUSAL SUPPORT

The hearing on the RFO occurred on December 29, 2017. The trial court took judicial notice of the dissolution judgment. It found the dissolution petition was filed on August 2, 2000. The date of marriage was December 31, 1990. The date of separation was July 1999. The marriage length was eight years and seven months. The order of spousal support for $567 each month was ordered to commence on February 1, 2001.

Wife was called by Husband to testify. She was living in Texas and currently worked as an optician, which was an assistant to an optometrist. She was paid $13.50 an hour. In 2007, she had trained for one year to become an optician. Wife was renting an apartment and her 27-year-old daughter stayed with her. Her nephew was temporarily living with her and paying $300 each month toward the household expenses; her daughter did not contribute to the expenses.

Wife had been working in an Amazon warehouse which paid her $12.50 an hour. She had to leave because it was too physically demanding. She complained that she had joint problems, bursitis and possibly fibromyalgia.

5

Wife insisted she was making less at the current time than was on her 2016 tax return because she was no longer getting commission from the optometrist for whom she worked. She estimated she made $26,000 each year. She insisted she lived paycheck to paycheck. Wife was considering moving to Las Vegas in order to get better employment. She had bought a $12,000 motorcycle in April 2017. She believed the spousal support order should continue until her death or she remarried.

Wife was not represented by counsel and made a statement for her testimony. She only bought the motorcycle because it was cheaper than making car payments. She did not have an education or degree; she only was trained as an optician. Wife did not have time to both work and get an education. She did not have medical insurance and received no child support for her two children because they were over the age of 18.

Wife was receiving spousal support from Husband's employer in a total amount of $261.69 twice monthly. It was not the full spousal support amount. The payments began in 2007 when she was able to obtain a wage assignment receiving payment directly from Husband's employer. The trial court asked Wife if she had received any payment prior to the wage assignment on August 21, 2006; she stated she had not received any money. She received her first payment in December 2006.

Husband presented his own testimony at the hearing. He worked at a Walmart Distribution Center and received an average monthly salary of $2,400. His new wife owned a three-bedroom home in Apple Valley and the mortgage was $777.64 each month. His wife made $600 each month. Walmart only scheduled him for 30 hours each week. He was unemployed for one year between 2014 and 2015.

6

Wife had received a 1990 Mercury Tracer in the dissolution judgment. While Husband and Wife were married, they did not take vacations except to visit family. Husband had no degrees and only two years of college. His income at the time of their separation was $3,000. He had no retirement savings.

Husband was in good health. He described their standard of living at the time of separation as lower middle class. Husband did not currently own a vehicle. His new wife had three vehicles, which were paid off, and he borrowed one. He and Wife struggled financially during their marriage and his current situation was about the same. Husband and his new wife made $3,000 each month combined.

Wife explained that she and Husband struggled financially during their marriage. During the marriage, she only worked part time. Neither she nor Husband received any schooling during the marriage. They never took time off for vacations. Wife complained Husband was not consistent in paying spousal support and she always had to search for him when he started new jobs. The trial court asked Wife if she had any evidence of what payments were missed. Wife argued that Husband was responsible for providing the history of payments because he was seeking a termination of spousal support and had attested he had been paying since 2001.

In deciding whether to terminate spousal support, the trial court reviewed the section 4320 factors. It noted that the standard of living during the marriage was lower middle class. They struggled financially and had very few assets. They did not take vacations. As for Wife, she had marketable skills as an optician and a laborer. There was no contribution to the attainment of education.

The trial court noted that Husband had been paying spousal support since at least 2007. Husband was the primary wage earner in his new marriage. The parties struggled financially during the marriage and continued to struggle. They had been separated for a period of 18 years. Wife's health was deteriorating. They were both 48 years old. Their tax consequences were similar.

The trial court noted that no warning was given to Wife in 2001 that the goal of a supported party was to become self-supporting. The trial court noted that for a marriage less than 10 years, the length of spousal support was half the time of the marriage.

The trial court then reviewed the income of both Wife and Husband. Wife was making her best effort to become self-supporting. The trial court then ruled, "There will be no future spousal support. This is an 8-year, 7-month marriage. Support has already been paid, or has been ordered, in excess of 16 years. However, the court finds that there is an amount due and owing of $39,429. The Court orders that this will be payable at the rate of $550 a month, commencing January 1, 2018. It will be paid for a period of 6 years, 72 months. With the final payment on the 72nd month of $379. If any payment is missed, the entire amount shall become due and payable and begin yielding interest, or will have interest attached to it at the rate of 10 percent per annum. Once the $39,429 is paid, there shall be no further spousal support, and the Court's jurisdiction to award spousal support shall terminate."

Husband's counsel argued that the arrearages were not properly before the trial court because Wife never filed her own request for order. The trial court felt that it could review the matter because in order for Husband to request a modification of spousal

support he must have "clean hands" and he admitted to missing payments. Based on Wife's testimony, the trial court found that Husband had missed payments between 2001 and 2006. The matter was continued to allow each party to provide documentation as to the arrearages.

D.    PAST-DUE SPOUSAL SUPPORT

On May 7, 2018, Wife filed a request seeking past-due spousal support. She attached disbursement statements of money paid to her by Husband from Walmart starting in October 2006. She received $261.69 every two weeks continuing through the end of December 2008. There was further evidence of payments to her in December 2009, and payments between February 2010 through May 16, 2014, all from the County of Los Angeles. Also attached were wage assignments from Walmart starting in October 2016 through April 2018.

Wife provided a declaration of payment history for spousal support. She stated that the total arrearages were $61,997.86. The interest was $6,199.79. She was owed $68,197.65. She provided her own summary of what Husband had paid each year between 2001 and 2018.

Husband submitted his own calculation of the amount he had paid in spousal support. Husband calculated that between 2005 and 2018 he had paid $68,684.21. Husband provided year-end pay stubs, which included the payment of spousal support from 2005 through 2018.

The matter was heard on November 5, 2018. The trial court calculated that the total amount of support that needed to be paid was $111,132, which was the monthly payment of $567 multiplied by the number of months he owed spousal support. The trial court determined Husband had made a total amount of payments of $68,684.21. A balance of $42,447.79 was owed to Wife. Wife interrupted, "Excuse me." The trial court responded, "Yes, ma'am." She stated, "Your Honor, I had account math and—." The trial court stated, "Ma'am, I'm making findings and orders now. It's done. You argued that he paid $44,704.36 or that he owed $44,704.36." Wife contested, "No, I did not. I have what he ordered. He paid." The trial court ruled, "I've made those findings now. [Husband] owes $42,447.79." Wife tried to make another comment but the trial court would not hear any further argument as the ruling had been made.

The final ruling of the trial court was that Husband owed Wife $42,447.79 which he was to pay at $550 each month beginning November 1, 2018. If two full payments were missed, the entire balance was due and owing at a rate of 10 percent interest. Wife complained the $550 per month was less than the original support of $567. Further, the trial court's finding of the amount that Husband had paid was incorrect. The trial court directed her to file an appeal.

Wife filed a notice of appeal on December 31, 2018, prior to the notice of entry of judgment, which was entered on March 26, 2019. This court construed the notice of appeal to be from the November 5, 2018, finding on arrearages and the December 29, 2017, termination of spousal support.

## DISCUSSION

A.      <u>TERMINATION OF SPOUSAL SUPPORT</u>

Wife contends on appeal the trial court abused its discretion by terminating the spousal support order issued in 2001 based solely on the length of the marriage. She also complains that she did not receive a warning in 2001 that she had to become self-supporting, the trial court ignored her failing health, and there was no change in circumstances for either Wife or Husband to justify a change to the original support order.

" ' Modification of spousal support, even if the prior amount is established by agreement, requires a material change of circumstances since the last order [Citations.] Change of circumstances means a reduction or increase in the supporting spouse's ability to pay and/or an increase or decrease in the supported spouse's needs. [Citations.] It includes all factors affecting need and the ability to pay.' " (*In re Marriage of Dietz* (2009) 176 Cal.App.4th 387, 396.)

Section 4320 provides numerous factors that the trial court should consider when deciding on an award of spousal support. Some of these factors include marketable skills of the supported party; the needs of each party based on the standard of living established during the marriage; the assets and obligations of each party; the duration of the marriage; the ability of the supported party to engage in gainful employment; the age and health of the parties; and balance of hardships to each party. Section 4320, subdivision (l), provides a further factor as follows: "The goal that the supported party shall be self-supporting within a reasonable period of time. Except in the case of a marriage of long

11

duration as described in Section 4336, a 'reasonable period of time' for purposes of this section generally shall be one-half the length of the marriage. However, nothing in this section is intended to limit the court's discretion to order support for a greater or lesser length of time, based on any of the other factors listed in this section, Section 4336, and the circumstances of the parties." Further, section 4320, subdivision (n), provides a catch-all provision, "Any other factors the court determines are just and equitable."

" 'A trial court considering whether to modify a spousal support order considers the same criteria set forth in . . . section 4320 as it considered in making the initial order.' " (*In re Marriage of Dietz*, *supra*, 176 Cal.App.4th at p. 396.)

In balancing the statutory factors, it is up to the trial court "to determine the appropriate weight to accord to each" factor. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 304.)

We review the termination of spousal support for an abuse of discretion. (*In re Marriage of Minkin* (2017) 11 Cal.App.5th 939, 957.) "We presume the court's decision is correct and the appealing party must affirmatively show error." (*Ibid*.)

Here, as recognized by Wife, the trial court extensively reviewed the various factors in section 4320. Despite this extensive review of the factors involved, Wife insists that the trial court terminated spousal support on the sole basis of the length of their marriage.

The record does not support that the trial court only relied on the length of the marriage in terminating spousal support. Undoubtedly, this was a proper factor to consider in terminating support. (§ 4320, subds. (f), (l).) Wife complains that

consideration of this factor was erroneous because Husband failed to pay the spousal support. However, based on the calculations by Husband and Wife, he had paid the total amount for at least seven years. Further, Husband was ordered to pay past-due spousal support. The trial court did not abuse its discretion in considering the number of years of the marriage in deciding to terminate spousal support.

Here, there was another significant change in circumstance that Wife had become self-supporting since the first spousal support order. When the initial spousal support order was made, Wife was receiving $426 in food stamps, and Husband had a monthly income of $3,000. Wife in her response to the RFO included her income and expense declaration, which showed she was earning over $2,000 each month. Husband called Wife to testify at the hearing on the RFO. She had trained to be an optician and had gotten a job with an optometrist making $13.50 per hour. She had left her previous job at Amazon working in the warehouse because it was too physically demanding. Her 2016 income tax return showed she made $32,000.

Again, in making its ruling, the trial court reviewed several section 4320 factors. It noted that one of those factors was that Wife had marketable skills as an optician. The trial court specifically referred to the income of both parties and that Wife was making her best effort to be self-supporting. It then ruled that there would be no further spousal

13

support.  The record supports that the trial court considered the changed circumstance that Wife had become self-supporting in terminating spousal support.[3]

Wife also appears to claim that the trial court could not terminate spousal support because she was never advised at the time of the dissolution judgment that she was expected to become self supporting.

In *In re Marriage of Gavron* (1988) 203 Cal.App.3d 705 (*Gavron*), after being married for 25 years, husband and wife divorced and husband was ordered to pay $1,100 each month in spousal support until further order of the court.  Six years after the entry of the order, Husband filed a request for order to reduce the spousal support to $500 for one year and then terminate support.  (*Id.* at pp. 707-708.)  The trial court ordered one year of payments at the same amount and then termination of spousal support.  (*Id.* at p. 708.)  According to the testimony at the hearing, wife had few marketable skills and never worked for an extended period of time.  She had medical problems that impacted her ability to work.  However, she had numerous assets.  The trial court granted the request for order concluding in part that wife had made no effort to be employed.  (*Id.* at pp. 709-710.)

The appellate court noted, " 'To obtain a modification of a previous spousal support order, the moving party must show a material change of circumstances since the time of the prior order.' " (*Gavron*, *supra*, 203 Cal.App.3d at p. 710.)  The court noted

---

[3] In her appellant's reply brief, Wife appears to complain that the RFO did not properly plead change of circumstances.  As noted, Husband also presented evidence at the hearing showing that Wife had become self-supporting, to support the change in circumstances.

that the circumstances had not changed since the original order. (*Id.* at p. 711.) Also, it noted that at the time of issuance of the original spousal support order, there was no warning to the wife that she was to make efforts to become self- sufficient. (*Id.* at pp. 711.) The *Gavron* court noted, "It is particularly appropriate here that there should have been some reasonable advance warning that after an appropriate period of time the supported spouse was expected to become self-sufficient or face onerous legal and financial consequences." (*Id.* at p. 712.) The trial court's order was reversed. (*Ibid.*)

After *Gavron,* the Legislature enacted section 4330, subdivision (b), which states, "When making an order for spousal support, the court *may* advise the recipient of support that the recipient should make reasonable efforts to assist in providing for their support needs, taking into account the particular circumstances considered by the court pursuant to section 4320, unless, in the case of a marriage of long duration as provided by Section 4336, the court decides this warning is advisable."[4] Subdivision (c) of section 4336, provides, "Nothing in this section limits the court's discretion to terminate spousal support in later proceedings on a showing of changed circumstances."

Here, based on the record, at the time that the original spousal support order was issued in 2001, support was to continue until the death of either party, remarriage of Wife or by agreement off the parties. There is no indication in the record that Wife was advised she should endeavor to become self-supporting. However, the warning in section

---

[4] Section 4336, subdivision (b) provides in pertinent part, "[t]here is a presumption affecting the burden of producing evidence that a marriage of 10 years or more, from the date of marriage to the date of separation, is a marriage of long duration."

4330 is discretionary and not mandatory. No warning was required in order for the trial court to later conclude that changed circumstances warranted termination of spousal support. Moreover, this case is unlike the situation in *Gavron* as Wife actually become self-supporting and gained job skills.

The trial court reviewed the factors in section 4320 and concluded that based on the length of the marriage and a change of circumstances, it was appropriate to terminate spousal support. Further, even though Wife was not warned at the time of the dissolution judgment that she should endeavor to become self-supporting, she gained marketable job skills and was self-supporting. Although Wife had health problems, which required her to leave her warehouse job, she obtained skills as an optician, and no evidence was presented that she was unable to perform that job. The trial court did not abuse its discretion by terminating spousal support.

B.     SUBSTANTIAL EVIDENCE OF PAST-DUE SPOUSAL SUPPORT

Wife contends there was no substantial evidence that the principal past-due spousal support totaled $42,447.79. She first contends this amount improperly excluded interest, which we will discuss, *post*. She additionally relies on her own calculation of the past-due support referring to an exhibit attached to the appellant's opening brief. She claims such calculation was based on her documentation submitted in the trial court.

Initially, the exhibit attached to the opening brief includes a tally of the payments missed and the resulting interest. This was not presented to the trial court and we will not consider it for the first time on appeal. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 400, 405 [an appellate court may not consider evidence that was not presented in the trial court].)

16

Further, there was substantial evidence presented to support the trial court's determination as to the amount that Husband had paid in spousal support, in the form of the year-end pay stubs submitted by Husband. These year-end pay stubs were provided for the years 2005 to 2018. The trial court could reasonably rely on this evidence in determining the amount that Husband had paid in calculating the past-due spousal support.

Wife presented several different amounts owed to her by Husband. In her response to the RFO, she presented that Husband owed her $48,237. In her declaration of payment history for spousal support, she reported that Husband had past-due spousal support of $61,997.86. Finally, on appeal, Wife contends the amount owed by Husband is $66,817.86.

The trial court reasonably relied on the documentation submitted by Husband in calculating past-due spousal support. Wife did not present a decisive number that Husband owed to her, instead presenting three different calculations to the trial court.

Despite the pay stubs provided by Husband providing substantial evidence of the support paid by him, the calculation by Husband's counsel—and apparently relied upon by the trial court—is incorrect. Husband's counsel provided a summary of the of the year-end pay stubs showing that he paid a total of $68,684.21 in spousal support. The trial court relied on this number in calculating the arrearages, by taking the total support owed, which was $111,132, and subtracting $68,684.21, to reach the amount of $42,447.79.

17

However, in reviewing the year-end pay stubs, the summary provided by Husband's counsel incorrectly listed the payment in 2011 as $8,631.31 rather than $6,631.31, and the 2013 payment as $6,904 when it was $6,804. The appropriate calculation was $66,584.21, leaving an arrearages of $44, 547.79. We will order the trial court to correct the amount owed for past-due spousal support.

C.    INTEREST

Wife contends that the trial court erred by failing to award interest on the past-due spousal support. Based on the record, it is clear the trial court erroneously did not award interest on the past-due spousal support in calculating the amount owed to Wife.

" 'The interest on arrears accrues and is payable as a matter of law. Consequently, notwithstanding the obligor's detrimentally changed financial circumstances, trial courts are without authority to waive or forgive interest accrued on past-due child support amounts, just as courts cannot retroactively modify or terminate the arrearages themselves.' " (*In re Marriage of Cordero* (2002) 95 Cal.App.4th 653, 667 (*Cordero*).)

Code of Civil Procedure section 685.020, subdivision (b) provides "Unless the judgment otherwise provides, if a money judgment is payable in installments, interest commences to accrue as to each installment on the date the installment becomes due." Family Code section 290 provides "A judgment or order made or entered pursuant to this code may be enforced by the court by execution, the appointment of a receiver, or contempt, or by any other order as the court in its discretion determines from time to time to be necessary." "[T]here is nothing in the text of the Family Code that allows courts to consider a laches defense." (*Cordero*, *supra*, 95 Cal.App.4th at p. 665.)

18

"The legal rate of interest is 10 percent." (*Cordero*, *supra*, 95 Cal.App.4th 653, 657, citing to Code of Civ. Proc. § 685.010, subd. (a).)  "With regard to child and spousal support orders, that means 10 percent interest accrues when *each installment* becomes due and remains unpaid." (*Cordero*, at pp. 657-658; see also *In re Marriage of Hubner* (2004) 124 Cal.App.4th 1082, 1089 ["Statutory interest on unpaid child support payments accrues as a matter of law as to each installment when each installment becomes due . . . . [¶]  Accrued arrearages are treated like a money judgment for purposes of assessing statutory interest.  Unless otherwise specified in the judgment, interest accrues as to each installment when each installment becomes due and continues to accrue for so long as the arrearage remains unpaid," fns. omitted].)

Despite Wife's delay in seeking past-due spousal support, the trial court did not have discretion to refuse to award interest on the past-due spousal support.  Wife was entitled to 10 percent interest, which started to accrue as to each installment on the date the installment became due.  (Code of Civ. Proc, § 685.020, subd. (b).)

Husband claims that interest was not owed because the trial court had the authority to forgo paying interest pursuant to section 155.  Husband does not provide any legal authority that section 155[5] applies nor does he make any attempt to distinguish *Cordero*.

---

[5]  Section 155 provides "For the purposes of Section 685.020 of the Code of Civil Procedure, only the initial support order, whether temporary or final, whether or not the order is contained in a judgment, shall be considered an installment judgment.  No support order or other order or notice issued, which sets forth the amount of support owed for prior periods of time or establishes a periodic payment to liquidate the support owed for prior periods, shall be considered a money judgment for purposes of subdivision (b) of Section 685.020 of the Code of Civil Procedure."

19

We will not make such argument for Husband and find that by failing to support his claim by proper legal authority and argument, he has waived the claim on appeal. (*Cahill v. San Diego Gas & Electric, Co.* (2011) 194 Cal.App.4th 939, 956 [" ' When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived' "].) We will remand for the trial court to calculate interest on the past-due spousal support by determining which payments were missed and award interest at the statutory rate on each from the due date. (*In re Marriage of Perez* (1995) 35 Cal.App.4th 77, 81.)

Wife has further contended the trial court erred by disallowing her argument at the hearing on November 5, 2018, that the amount of past-due spousal support was incorrectly calculated and that the trial court erred by failing to award interest. We have found in Wife's favor in finding that the trial court erred by failing to award interest. Moreover, we have increased the principal amount owed by Husband. Regardless, Wife had ample opportunity to present to the trial court the proper amount of past-due spousal support that she was owed, and presented documentary evidence, but the trial court properly determined that Husband had presented the most reliable evidence.

## DISPOSITION

The termination of spousal support is affirmed. The March 26, 2019, order of past-due spousal support is reversed and the matter is remanded to the trial court to enter a new order that the past-due spousal support is $44,547.79. Further the trial court is directed to calculate the interest on the past due spousal support in accordance with this

20

opinion, with that amount to be included in the new order.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER
Acting P. J.


We concur:


CODRINGTON
J.


RAPHAEL
J.