Filed 10/5/21  Marriage of Thomas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of VIOLA and THOMAS THOMAS III. | |
| VIOLA RIVERA, Respondent, v. | E074868 (Super.Ct.No. BFLBS446) |
| THOMAS THOMAS III, Appellant; | OPINION |
| SAN BERNARDINO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Susan Slater, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

1

Law Offices of Valerie Ross and Valerie Ross; Law Offices of Lisa Sterling Arnquist and Lisa Sterling Arnquist for Appellant.

Chung & Ignacio and Eric N. Chung for Respondent (mother).

Rob Bonta and Xavier Becerra, Attorneys General, Cheryl L. Feiner, Senior Assistant Attorney General, Gregory D. Brown and Ricardo Enriquez, Deputy Attorneys General for Respondent.

Viola (wife) and Thomas Thomas, III (husband), who is also called Patrick Thomas, were married until 1984 and had one child, for whom respondent was ordered to pay child support. He fell into arrears, and now owes more than $140,000, including interest, in unpaid child support. He sought to reduce the amount of his monthly payments on the arrearage due to disability affecting his income. In response, San Bernardino County's Department of Child Support Services (CSS), to whom the arrearages were to have been paid, made a motion to modify monthly payments upward to $400 per month, based on his income and expense declaration showing his subsequent spouse earned in excess of $100,000 per year, with minimal expenses. The court ordered the monthly payments for arrearages to be increased to $400 per month, based on husband's community property interest in his subsequent spouse's earnings, pursuant to Family Code[1] section 4008, and husband appealed.

On appeal, husband argues the trial court erred in relying on Family Code section 4008 to increase the monthly payments on child support arrearages, by considering the

---

[1] All further statutory references are to the Family Code unless otherwise stated.

2

earnings of his subsequent spouse, and in failing to consider whether section 910 precluded consideration of those earnings. We affirm.

**BACKGROUND**

The child support obligation that led to the instant dispute was initially ordered in 1984, when the parents' marriage was dissolved, and wife was granted sole physical custody of the couple's child. The child was born in 1983, so he is now an adult. In 2000, husband filed a motion to "stay" the child support obligation, arguing that his former spouse had concealed the child. However, the court found no active concealment and determined father had made no diligent effort to locate the child between 1984 and 2000. The court denied the application to "stay" the child support obligation and directed the district attorney, CSS, to provide an accounting of arrearages owed. At the next hearing, the court ordered husband to continue to pay child support in the amount of $250 per month, and to pay $65 per month on the arrearages.

In 2018, husband sought to settle the unassigned arrearages, asserting that he and petitioner had agreed that if he paid a lump sum of $22,000, all past due child support principal and interest would be deemed paid in full. CSS appeared at the hearing, and, after several continuances, the court ordered the matter continued to May 2019 for discovery and for CSS to file a motion for payment on arrearages.

On April 3, 2019, CSS made a motion to modify the payment amount on the arrearages, increasing the monthly payments from $65 per month to $400 per month. CSS pointed out that husband's income and expense declaration revealed that although

3

his monthly income was minimal, his current spouse had significant earnings that could be used to pay the increased monthly amount on the past support obligation.[2] Husband filed a response to this motion, objecting to the requested modification, and arguing that pursuant to section 4057, the court was precluded from considering the earnings of his current spouse in modifying the child support order. Husband appended an income and expense declaration to his response showing his earnings of $14.47 per month, with assets worth $50, and monthly expenses of $1080, although his spouse earned $8333 per month.

On February 18, 2020, the court ordered husband to pay $400 per month on the child support arrearages, commencing March 1, 2020. The court applied section 4008 in making its order. Husband appealed.

## DISCUSSION

Husband argues that the court erroneously modified his monthly payment on child support arrearages, by considering the earnings of his subsequent spouse under section 4008 and failing to consider sections 910 and 911. We disagree.

Section 3651, governing modification or termination of support orders, provides that a support order may be modified or terminated at any time as the court determines to be necessary, except as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate. However, amounts that

---

[2] We assume this information was provided in the discovery previously ordered by the court because husband did not include that income and expense declaration in the record on appeal. However, he did supply one in response to CSS's motion.

4

accrued previously are treated like a money judgment. (*In re Marriage of Perez* (1995) 35 Cal.App.4th 77, 80, citing *In re Marriage of Everett* (1990) 220 Cal.App.3d 846, 854.)

Section 290 provides that a judgment or order may be enforced by execution, the appointment of a receiver, or contempt, or by any other order as the court in its discretion determines from time to time to be necessary. (§ 290.) The "trial court has discretion to determine the appropriate means of enforcing a judgment for child support. [Citations.] In exercising that discretion, the trial court can, and should take the equities of the situation into account." (*Keith G. v. Suzanne H*. (1998) 62 Cal.App.4th 853, 861-862.)

Section 4008 provides that the "community property, the quasi-community property, and the separate property may be subjected to the support of the children in the proportions the court determines are just." Pursuant to this provision, although the court may not consider the subsequent spouse's community income in calculating the child support obligation, the income of the subsequent spouse may be looked to in discharge of the child support obligation. (*In re Marriage of Knowles* (2009) 178 Cal.App.4th 35, 41, overruled on a different point in *K.J. v. Los Angeles Unified School Dist*. (2020) 8 Cal. 5th 875, 888, fn. 6.)

The trial court has discretion to enter "any . . . order as the court in its discretion determines from time to time to be necessary" to enforce child support obligations. (§ 290.) "In any hearing related to father's child support obligations and his failure to meet them, father is on notice that his finances are subject to the trial court's scrutiny." (*In re Marriage of Furie* (2017) 16 Cal.App.5th 816, 829.)

Here, the trial court entered an order increasing the monthly payment on the interest accrued on the child support arrearage, increasing the amount based on the earnings of husband's subsequent spouse, as to which he has a community property interest. Contrary to husband's contention, the fact that the judgment was for arrearages for support does not limit the court's ability to consider the subsequent spouse's income. "[A] child or spousal support obligation of a married person that does not arise out of the marriage shall be treated as a debt incurred before marriage" (§ 915, subd. (a)), and "the community estate is liable for a debt incurred by either spouse before or during marriage." (§ 910, subd. (a).) To the extent husband argues that section 910 applies, we agree, although it does not support his position.

Husband's interpretation would give regular debts priority over child support orders, which are the subject of strong public policy. (§ 4053, subd. (e); *Estate of Casserley* (2018) 22 Cal.App.5th 824, 838.) The "liability of community property is not limited to debts incurred for the benefit of the community but extends to debts incurred by one spouse alone exclusively for his or her own personal benefit." (*Lezine v. Security Pacific Fin. Services, Inc*. (1996) 14 Cal.4th 56, 64; see also, *In re Marriage of Nassimi* (2016) 3 Cal.App.5th 667, 685.) If a delinquent debt for a chattel purchase may be satisfied by considering the debtor-spouse's community property interest in the subsequent spouse's earnings, a court can consider the community property interest in the spouse's earnings to repay the debt owed for unpaid child support, an obligation of high priority.

6

Insofar as the community estate of husband and his subsequent spouse was obligated to pay from his community property interest in the spouse's earnings, subject to the community's right to reimbursement (§§ 910, 915), the court could properly consider husband's community property interest in the subsequent spouse's earnings to discharge the obligation by increasing the amount of the monthly installment payment. While the earnings of the subsequent spouse may not be considered in calculating an order for child support (*In re Marriage of Knowles, supra,* 178 Cal.App.4th at p. 41), it was entirely proper to consider husband's community property interest in the subsequent spouse's earnings in modifying the payment amount on unpaid arrearages.

### DISPOSITION

The judgment is affirmed. The County is entitled to costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

CODRINGTON
J.

7